304 P.2d 578

**Samuel S. SHALIT and Doris Shalit, his wife, Plaintiffs-Appellees,**

v.

**CITY COMMISSION OF the CITY OF ALBUQUERQUE, a municipal corporation, Defendant-Appellant.**

**No. 6065.**

Supreme Court of New Mexico.

Nov. 9, 1956.

Rehearing Denied Dec. 27, 1956.

Simms, Modrall, Seymour, Sperling &
Roehl, Vance Mauney, Frank Horan, Albu-

querque, Harry E. Stowers, Jr., Santa Fe, for appellant.

Keleher & McLeod, T. B. Keleher, Albuquerque, for appellees.

LUJAN, Justice.

On March 1, 1955, the City Commission of the City of Albuquerque, New Mexico, by resolution, directed the engineering firm of Herkenhoff and Turney to prepare an assessment plat and estimate cost for the creation of paving district No. 91. On April 19, 1955, the City Commission by resolution No. 2 set up the paving district which extends north to Aspen Avenue, south to Kathyrn Avenue, east to Wyoming Boulevard and west to Yale Boulevard. Thereafter the city commission by provisional order required the paving of certain streets within said district, including Kathyrn Avenue, in accordance with plans and specifications then prepared, together with a statement of estimated cost and estimate of maximum benefits, which were filed with the clerk of the city. To the assessment list the plaintiffs, owners of property within the district and abutting Kathyrn Avenue, interposed timely written protests. After hearing these protests the city commission approved the assessment list. Thereupon an appeal was prosecuted to the district court of Bernalillo County where the decision of the city commission was overruled and an order was entered permanently restraining and enjoining the city commission from proceeding further with the paving of Kathyrn Avenue insofar as it affects the abutting property of plaintiffs. The city commission has appealed to this court.

Kathyrn Avenue in its present unpaved condition is dusty, washboardy and rough. The curb at the intersection of Yale and Kathyrn Avenues is constantly washing out after rains and Kathyrn Avenue requires constant maintenance by city crews. A large hole has developed at the intersection of Kathyrn and Yale Avenues, approximately three feet deep where water falls off of said avenues into a sewer. People watering their lawns further up the hill on Kathyrn Avenue cause water to run down the street which creates an arroyo in the center and on one edge. This necessitates frequent grading.

Oren Strong, one of the officers of the Strong Trust which owns property abutting Kathyrn Avenue on the north, testified that they protested the paving of Kathyrn Avenue for two reasons: (1) That the Cemetery Association was losing money at the present time; and (2) that he felt that the paving improvement would not increase or improve the value of the Cemetery Association property.

The total frontage abutting on Kathyrn Avenue, which is to be paved, is approximately 2,250 feet. The assessment against the property of plaintiffs abutting on Kathyrn Avenue amounts to $6,159.25 and an

additional assessment for the property which abuts on Cornell Avenue is $918. This is a total assessment of $7,077.25, against the entire tract of land which is 963.89 feet in length by 180 feet deep. There is a frontage on Yale Boulevard totaling 180 feet, leaving a balance of 783.-89 feet which fronts on Kathyrn Avenue. Other property in the area of this land fronting on Yale Boulevard, is used for commercial purposes and the land in the vicinity of that fronting on Cornell Avenue, is used for residential purposes. Directly across Kathyrn Avenue to the north is a golf driving range which runs a distance of approximately 900 feet from Yale Boulevard toward the east. The balance of the property directly across Kathyrn Avenue to the north, amounting to some 64 feet, belongs to the Strong Trust and is not being used for any purpose at this time.

On March 18, 1953, plaintiffs applied to the zoning commission, when the property was originally zoned, that it be zoned as light industrial, but they failed to provide the zoning commission with a plat so that no final action was ever taken in the matter, and said commission then determined that the property should be zoned A–1, pending such time as the property was subdivided and a plat furnished by the plaintiffs. It was the policy of the city commission at the time the zoning was determined, that all unplatted property be zoned A–1 or rural. The land in question belonging to the plaintiffs is presently zoned A–1 or rural.

The value placed on the land by plaintiffs' appraiser, from a standpoint of what a lending agency would loan on it, was $14,400 or $80 per foot for the property facing on Yale Boulevard. He did not place a value on the entire tract. He felt that the paving of Kathyrn Avenue would not enhance the value of the plaintiffs' property unless it were zoned C–3 for light industrial use, and if so zoned, it would enhance the value some amount.

Defendant's appraisers, three in number, placed a value on the entire tract of land at $24,300. They indicated that the value of the property would be increased from the extent of the cost of the paving itself, up to twenty-five to fifty percent, over the present value of the land, depending upon what it was being used for.

Plaintiffs had sold on previous occasions, a portion of the land which composed their entire quarter section, to several individuals, which is now being used as a drive-in theater, swimming pool and a manufacturing plant.

The amount of the estimated maximum benefits to the property is determined by the front foot rule or on a frontage basis so that each foot of the property paved bears its proportionate share of the cost of the entire paving project.

Plaintiffs-appellees contend: That the action taken by the city commission in assessing their property, which abuts the street in question, on a foot frontage basis, to defray the cost of paving the same, was arbitrary, confiscatory and illegal. The contentions, all of which are disputed by the defendant-appellant, will be considered in reverse order.

■ The character and extent of the improvement of streets are left to the discretion of the city authorities. Under the provisional order method the city commission is clothed with the power to determine what local improvement is required, its nature, when it shall be made and the manner of its construction. These matters are confided to the discretion of the municipal authorities, and this discretion, when honestly and reasonably exercised, its determination is conclusive and cannot be reviewed by the courts except for want of authority or fraud. Feldhake v. City of Santa Fe, 61 N.M. 348, 300 P.2d 934; Oliver v. Board of Trustees of Town of Alamogordo, 35 N.M. 477, 1 P.2d 116; La Mesa Community Ditch v. Appelzoeller, 19 N.M. 75, 140 P. 1051. We are of the opinion that abuse of such discretion does not appear in this case, and that the city commission was within its legal rights in ordering the paving of a certain portion of Kathyrn Avenue.

■ Special assessments for local improvements are authorized and permitted upon the theory that the property against which they are levied derives some special, immediate, and peculiar benefit by reason of the improvement, other, in addition to, and different from that enjoyed by other property in the community outside of the district in which the improvement is made; in other words, that the local improvement generally and peculiarly enhances the value of the property against which the assessment is levied, to an amount equal to, if not in excess of, the amount of the special assessment. 1 Cooley on Taxation (4th Ed.) Section 31; 4 Dillon's Municipal Corporations (5th Ed.) Section 1430; 5 McQuillin's Municipal Corporations (2d Ed.) Section 2166; 63 C.J.S., Municipal Corporations, § 1375(b); 48 Am.Jur. Special or Local Assessments, Section 29.

■ Whether a particular public improvement does result in special benefit, within the meaning of the applicable principle, to certain land, is, like the question as to the amount of such special benefit and the proper basis and method of the apportionment thereof, committed to the judgment and sound discretion of the legislative tribunal of the state or municipality having charge of such improvement, and the decision of such tribunal will not be disturbed by the courts in the absence of a clear showing that such decision was wholly arbitrary, capricious, or actuated by fraud or bad faith, Feldhake v. City of Santa Fe, supra; Oliver v. Board of Trustees of

Town of Alamogordo, supra; La Mesa Community Ditch v. Appelzoeller, supra; Mt. St. Mary's Cemetery Association v. Mullins, 248 U.S. 501, 39 S.Ct. 173, 174, 63 L.Ed. 383; Marks v. Detroit, 246 Mich. 517, 224 N.W. 619; Larsen v. City and County of San Francisco, 182 Cal. 1, 186 P. 757; Federal Construction Co. v. Ensign, 59 Cal.App. 200, 210 P. 536; Killingsworth v. City of Portland, 93 Or. 525, 184 P. 248; Coates v. Nugent, 76 Kan. 556, 92 P. 597; City of Vancouver v. Corporation of Catholic Bishop of Nisqually, 90 Wash. 319, 156 P. 383; Northern Pacific Railway Co. v. City of Seattle, 46 Wash. 674, 91 P. 244, 12 L.R.A.,N.S., 121; Swayne v. City of Hattiesburg, 147 Miss. 244, 111 So. 818, 56 A.L.R. 926.

█ In the language of the United States Supreme Court in St. Mary's Cemetery Association v. Mullins, supra [248 U.S. 501, 39 S.Ct. 174], "It is well settled that unless such assessment is arbitrary and unreasonable the extent of the benefit, essential to justify the assessment, was a matter within the control of the local authorities." As was said by the Michigan Supreme Court in Marks v. Detroit, supra [246 Mich. 517, 224 N.W. 620]: "But to what extent adjoining property is enhanced in value by the widening of a street is a question on which men may widely and honestly differ. It is a matter of judgment which the charter leaves to the common council and board of assessors and not to the courts. In the absence of fraud or bad faith or the following of a plan incapable of producing reasonable equality, their judgment must be held to be conclusive."

█ The burden was upon the plaintiffs to make a clear showing that the city commission, in creating the district in question and proceeding to have the contemplated work done, exceeded its authority or acted in an arbitrary and unlawful manner as to amount to confiscation of the property. We are of opinion that they failed so to do, and that the trial court erred in permanently restraining and enjoining the defendant from proceeding further with the paving of Kathyrn Avenue insofar as it affects the abutting property of plaintiffs.

It follows from all the foregoing that the judgment of the district court is erroneous, and should be reversed, and the cause remanded, with directions to dissolve the injunction heretofore issued in the case and to proceed in accordance with this opinion.

It is so ordered.

COMPTON, C. J., and SADLER, McGHEE and KIKER, JJ., concur.