311 P.2d 649

**J. W. HEDGES and Lola Hedges,**
**Plaintiffs-Appellants,**

**v.**

**The CITY COMMISSION OF the CITY OF ALBUQUERQUE, New Mexico, a municipal corporation, Defendants-Appellees.**

**No. 6175.**

Supreme Court of New Mexico.

May 17, 1957.

Nordhaus & Moses, Albuquerque, for appellants.

Frank Horan, City Atty., Simms, Modrall, Seymour, Sperling & Roehl, Albuquerque, by Vance Mauney, Albuquerque, for appellees.

COMPTON, Justice.

Appellants, abutting landowners in Street Improvement District 90, seek to permanently enjoin the City Commission of Albuquerque from levying a special assessment on their property to defray a part of the paving cost in the district.

On February 8, 1955, the City Commission of Albuquerque adopted Resolution Number 1 designating a portion of Central Avenue West as proposed Street Improvement District 90. The Resolution directed that the cost of improvements be assessed on a frontage basis against the properties benefited thereby, and directed a consulting engineering firm to make an estimate of maximum benefits. In a provisional order the City Commission of Albuquerque subsequently adopted the engineers' report.

Abutting property owners, including appellants, received notice of the estimated maximum benefits and a public hearing was granted to protest assessments. Appellants filed a written protest, and through their attorney orally protested the proposed improvements and their assessment therefor. The City Commission overruled the protests and in Resolution Number 2 determined that the improvements should be made in Street Improvement District 90.

The City Commission of Albuquerque followed the provisional order method in arranging for the construction of the improvements here contested. Section 14–37–16, N.M.S.A., 1953, relative to the provisional order method, requires that the city engineer, or some other competent engi-

neer, submit a preliminary estimate of cost, an assessment plat showing the area to be assessed and the amount of maximum benefits estimated to be assessed against each tract or parcel of land in the assessment area. Such assessment is to be based upon front foot zone, area, or other equitable basis and the basis to be used must be set forth in the resolution.

The trial court determined in its second and third conclusions of law that the City Commission strictly followed the statutory requirements of the provisional order method, and that a determination of the estimate of maximum benefits was made in accordance with law. In addition, the trial court found as a fact that the estimate of maximum benefits to appellants' property was the result of the best and all information available. In essence, the appellants' challenge is to the above conclusions of law and finding of fact. It is appellants' contention that, in fact, no estimate of maximum benefits was made as contemplated by § 14–37–16, N.M.S.A., 1953.

In the absence of fraud or conduct so arbitrary as to amount to fraud, this court has taken the position that a determination by a city council or city commission is final and conclusive. Shalit v. City Commission of City of Albuquerque, 62 N.M. 55, 304 P.2d 578; Feldhake v. City of Santa Fe, 61 N.M. 348, 300 P.2d 934. The reason for this view is that a determination of benefit is a legislative function, and thus a finding of benefit by the legislative or the assessing body will not be disturbed unless it is clearly arbitrary. this doctrine is ably expressed in 14 McQuillin, Municipal Corporations § 38.56 as follows:

"It has been uniformly held that the action of the municipal legislature, in pursuance of statutory or charter powers, in establishing a district to be benefited by local public improvements so as to justify a special assessment against property lying within the District, is a legislative act which is conclusive in the absence of any evidence that it was procured by fraud, or proof that it is manifestly arbitrary or unreasonable, or that the assessment is palpably unjust and oppressive. Accordingly the power of review of the court is limited."

We are unable to agree with appellants' contention that the action of the City Commission of Albuquerque was unjust, arbitrary, discriminatory and an abuse of discretion. The burden of proof was upon the appellants to make a clear showing that the City Commission exceeded its authority or acted in a manner so arbitrary as to amount to fraud. Shalit v. City Commission of Albuquerque, supra; 48 Am.Jur.,

Special Assessments § 57. Appellants failed to carry this burden.

Viewing the record as a whole it affirmatively appears that the engineers did in fact make the required estimate of maximum benefits. They had been so instructed by the City Commission in Resolution Number 1. And in a letter to the City Commission the engineering firm stated, "We have also prepared an Assessment Plat showing the area to be assessed, and the amount of maximum benefits estimated to be assessed against each tract or parcel of land in said assessment area." In its provisional order the City Commission stated that it had "examined said plans, plat, typical section, preliminary estimate and estimate of maximum benefits and finds the same to be satisfactory. * * *" Resolution Number 2 contained similar language. It may fairly be presumed that officials charged with the duty of improvement district assessments, made them on the basis of estimated benefit to the property assessed. Atchison, T. & S. F. R. Co. v. Drainage Dist., 133 Kan. 586, 1 P.2d 253, 82 A.L.R. 552. This is especially true when such officials have specifically so stated.

Witness Guthrie testified that the city was furnished with a list of maximum benefits. Witness Goldsworthy testified that the quantities were based on the maximum assessed benefits. Thus it does not appear, as appellants contend, that the question of benefits was wholly disregarded.

Section 14–37–16, N.M.S.A., 1953, relative to the provisional order method for arranging for improvements, provides no standard that the engineer must use in making his estimate as to maximum benefits. Accordingly, it was held in Feldhake v. City of Sante Fe, supra, that the engineer's determination that estimated construction costs were equal to the estimated maximum benefits was quite proper. The basis and method of apportioning special assessments is committed to the judgment and sound discretion of the legislative tribunal of the state or municipality having charge of such improvement. "The decision of such tribunal will not be disturbed by the courts in the absence of a clear showing that such decision was wholly arbitrary, capricious, or actuated by fraud or bad faith." Shalit v. City Commission of Albuquerque, supra [62 N.M. 55, 304 P.2d 581].

Benefits are not synonomous with costs and they may be distinct from costs, but they do not have to be. In the usual case there likely will be a close correlation between an estimate of the cost of the improvement and the estimate of the maximum benefits to accrue as a result of the improvement. A determination by the engineers that estimated costs are approximately the same as estimated benefits does not mean that the question of benefits has been entirely disregarded.

The provisions of § 14–37–16, N.M.S.A., 1953, were sufficiently complied with by the

City Commission of Albuquerque. The judgment of the court below is therefore affirmed.

It is so ordered.

LUJAN, C. J., and SADLER, McGHEE and KIKER, JJ., concur.