(No. 35002.—

THE VILLAGE OF MORTON GROVE, Appellant, *vs.* FRED GELCHSHEIMER *et al.,* Appellees.

*Opinion filed March 20, 1959—Rehearing denied May 19, 1959.*

GEORGE P. LATCHFORD, and HENRY L. WELLS, both of Chicago, (JOHN M. BRYANT, of counsel,) for appellant.

HOWARD R. WEISS, of Chicago, for appellees.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook County, entered upon a jury verdict, fixing the benefits to objectors' properties at less than the amounts set forth in the assessment roll filed by the village of Morton Grove. The special assessment was made by the village to pay the cost of certain curbing, grading, paving, storm sewers, and other improvements for various streets in the village. Motions for judgment *non obstante verdicto,*

to vacate the judgment, and for a new trial were denied. The village prayed for and was allowed to appeal to this court pursuant to the provisions of the statute. Ill. Rev. Stat. 1957, chap. 24, par. 84—95.

The village filed its petition to levy a special assessment in the county court of Cook County on April 10, 1957. It proposed to improve various streets and sidewalks within its limits as described in the ordinance passed by the president and board of trustees and in the plans and detail of construction attached to the ordinance.

The objectors, being eight in number, owning among themselves 13 asesssment units, filed various legal objections to the assessment which were overruled.

A jury trial was then had upon their objections that their properties were assessed more than they were benefited. Objectors' counsel specifically waived any issue as to whether the objectors' properties were assessed more than their proportionate share of the cost of the entire improvement.

The jury found that each assessment unit was assessed more than it was benefited, and in their verdict set the amount that each unit should be assessed.

In the trial the village established a *prima facie* case by introducing in evidence the petition, the recommendation, estimate and ordinance attached to the petition, and the commissioners' report and assessment roll. Thereupon the objectors produced two witnesses, David Goldberg and Thomas Farrell.

David Goldberg, a professional engineer and surveyor, employed by the city of Chicago bureau of sewers, who had worked for the Chicago board of improvements in water works construction and extension, for contractors on underground utility construction, and as a contractor's engineer on sewers and paving, testified that he had prepared the data contained in the document marked for identification as exhibit 4, which data he supplied to Thomas Farrell,

who had requested that he determine the cost of the proposed improvements per front foot of the various assessment units. In preparing the data, he accepted the costs as set forth in the improvement estimate as to certain items, but as to other items he prepared his own costs. From all of these items considered by him, he arrived at a total cost of the proposed improvement to be constructed on each street. To his costs he added an amount equaling 6 per cent for engineer's fee. He then divided the costs so computed for each street by the entire frontage in feet abutting upon that street, and applied his various front-foot costs to the objectors' properties on the respective streets. In preparing his estimate of costs he did not consider the cost of making, levying and collecting the assessment, which by statute may not exceed 6 per cent of improvement costs. He did not testify as to the benefit the various properties would receive from the construction of the improvement.

Thomas Farrell, the other witness produced by the objectors, a school principal for the Chicago board of education, and a construction contractor whose firm had constructed mostly residential buildings in northwest Chicago and Cook County, testified. Due to his lack of experience he had requested Goldberg to compute certain costs and break down the quantities in the improvement estimate to a cost per lineal front foot for these assessment units. He testified to various costs of the improvement on a front-footage basis, basing his computations on the figures supplied to him by Goldberg. Farrell had never evaluated identical homes with and without these proposed improvements or this type of improvement, but he added improvements to properties, and had sold improved properties. He gave as his opinion, over objection and based upon the computations supplied to him by Goldberg, that each of these properties would be increased in market value by the proposed improvements in the exact amount of the costs

computed by Goldberg and attributed to each respective assessment unit.

Over the objection of the village, the document marked for identification as exhibit 4 was received in evidence as objectors' exhibit 2. Farrell had prepared the exhibit from the figures and computations supplied by Goldberg. This exhibit lists the street, block and lot number of each assessment unit owned by an objector, identified by name, and sets forth in columns, the costs per front foot of each unit for the various portions of the improvement proposed to be constructed adjacent to each unit, the total front footage of the unit, a net calculated cost, an engineer's fee at 6 per cent of the costs so computed, a gross cost per unit as so calculated, the assessment for each unit proposed by the village, the disparity between the gross calculated cost and the village's proposed assessment, and a final column entitled "assessment proposed by each taxpayer" in which the figure for each unit is exactly the same as the gross calculated cost. The village objected that this exhibit was immaterial, irrelevant, and an improper analysis of the testimony of two witnesses, presented for the purpose of re-emphasizing their testimony to the jury, and was like a transcript of the testimony of objectors' witnesses.

Farrell, in preparing exhibit 2 and in listing and fixing the cost of the improvement, used computations obtained from Goldberg and of which he had no personal knowledge. He made use of hearsay testimony, instead of actual knowledge, in relation to questions affecting the value of these properties and the benefits accruing to each unit, and his testimony was thus rendered incompetent. (*City of Elmhurst* v. *Rohmeyer*, 297 Ill. 430; *City of Chicago* v. *Chicago City Railway Co.* 302 Ill. 57.) After purporting to fix the cost of the improvement, he proceeded to testify as to the cost of such improvement for each foot of the objectors' properties fronting on the proposed improvement,

and to testify that the cost figure for each frontage foot was the benefit accruing to the objectors' properties. Benefit to property on a frontage basis is properly considered in making a special assessment but it is not the only item or element for consideration in determining the benefits to properties. (*City of Monticello* v. *LeCrone,* 414 Ill. 550; *City of Belleville* v. *Miller,* 257 Ill. 244.) The testimony of objectors' witnesses, and exhibit 2, failed to include computations for all the component parts necessary to complete these improvements. Moreover, a special assessment for local improvement is to be levied on all property benefited in an amount not to exceed the special benefits conferred upon each property. Lands may be specially benefited by improvements which do not abut such lands. (*Kelly* v. *City of Chicago,* 148 Ill. 90; *Holmes* v. *City of Harvey,* 324 Ill. 336.) The objectors' properties may be specially benefited by parts of this improvement which are not immediately adjacent to them or upon streets which they do not abut. Thus the admission of exhibit 2, as well as part of the testimony of Farrell was highly improper and incompetent.

Moreover, exhibit 2 is a written synopsis of the oral testimony received from the objectors' witnesses. It is in the nature of a written argument upon the oral testimony, and the jury would naturally be inclined to give it undue weight. It was thus highly improper and prejudicial, and was erroneously admitted. *Hatcher* v. *Quincy Horse Railway and Carrying Co.* 181 Ill. App. 30; *Wanless* v. *Peabody Coal Co.* 294 Ill. App. 401; *City of West Frankfort* v. *Marsh Lodge,* 315 Ill. 32.

It is additionally prejudicial and erroneously admitted for the reason that it contains a conclusion of the ultimate fact to be determined by the jury. It contains a column of gross calculated costs for each unit in question, and an identical figure denominated as the taxpayer's proposed

assessment for each unit. *Village of Marissa* v. *Jones*, 327 Ill. 180.

Numerous other issues are raised by the village. It is unnecessary for us to decide their individual merits as this judgment must be reversed and the cause remanded for a new trial of all the issues, in a trial consistent with legal precedents clearly established for such a trial in this State.

The judgment of the county court of Cook County is reversed and the cause remanded for a new trial of the issues.

*Reversed and remanded.*