380 P.2d 511

Jack M. FOWLER and Barbara Fowler et al., Plaintiffs-Appellants,

v.

The CITY OF SANTA FE, a municipal corporation, Defendant-Appellee.

No. 7022.

Supreme Court of New Mexico.

March 13, 1963.

Rehearing Denied April 26, 1963.

Gilbert, White & Gilbert, Sumner S. Koch, William B. Kelly, Sante Fe, for appellants.

Howard F. Houk, Albuquerque, for appellee.

· COMPTON, Chief Justice.

Appellants, abutting landowners in Paving District No. 16, City of Sante Fe, appeal from a judgment against them in which they sought primarily to enjoin the city from undertaking the improvements proposed in said paving district.

The pertinent provisions of the applicable statute, § 14–37–16, provide:

"Whenever the governing body of any city, town or village * * * shall be of the opinion that the interest of said municipality requires that any streets, alleys, or any part thereof, within the limits of said municipality be graded, graveled, paved, macadamized, sidewalked, lighted, or in any manner improved, such governing body shall, by resolution, direct the city engineer, or some other competent engineer, to prepare preliminary plans showing a typical section of the contemplated improvement, the type or types of material, approximate thickness and wideness, and preliminary estimate of the cost of such improvement. He shall also submit an assessment plat showing the area to be assessed and the amount of maximum benefits estimated to be assessed against each tract or parcel of land in said assessment area, said estimate to be based on a front foot zone, area, or other equitable basis, which basis shall be set forth in said resolution. * * * Upon the filing of said plans, plat, typical section and preliminary estimate of the cost, and estimate of maximum benefits, with the clerk of said governing body, the governing body shall examine the same and if found satisfactory shall make a provisional order to the effect that such work of improvement shall be done."

The complaint alleged that the estimated maximum benefits approved by the city were not ascertained or estimated according to law and are grossly arbitrary, capricious, confiscatory and excessive; that the procedure followed in so estimating benefits, particularly where the engineer had a contingent financial interest arising from maximum benefits, results in the taking of their property for public use without adequate compensation, hence a denial of due process, and that the city is without jurisdiction to repave a street by the provisional order method of making improvements.

By resolution adopted by the city, the engineer employed by the city was directed to follow the provisional order method in preparing preliminary plans and estimates of costs for the proposed installation of paving, and curb and gutter on certain city streets. In so doing, he calculated the cost of the improvement project, street-by-street,

and prorated the estimated cost of each street to the property abutting thereon on a front-foot basis. The engineer's preliminary plans, estimates of costs and assessment roll of estimated maximum benefits were accepted by the city. Adequate and timely protests were filed by appellants. Thereafter, the city, having considered the protests, ordered the improvements to be made.

The trial court found that the city complied with all statutory procedures in establishing the paving district in question. It further found that the estimated maximum benefits apportioned by the city against property owned by appellants were ascertained and estimated according to law and were not arbitrary, capricious, excessive or confiscatory. These findings are here challenged.

■ The constitutionality of assessments on the front-foot rule was decided by this court in City of Roswell v. Bateman, 20 N.M. 77, 146 P. 950, L.R.A.1917D, 365, and has been consistently upheld since. Laws authorizing the assessment of benefits in this manner are not in violation of either the Federal or State Constitutions as taking property without due process in the absence of a showing that the assessment is arbitrary, capricious or confiscatory. 14 McQuillin, Municipal Corporations (3rd ed.) § 38.127. We see nothing in the procedure outlined in the present statute, permitting the estimating of maximum benefits on a front-foot basis, to require a redetermination of its validity. The method used followed the statute; the bare fact that the engineer may have had a contingent financial interest resulting from maximum benefits does not invalidate the action of the city.

■ Whether a particular public improvement does result in special benefits to certain land, is, like the question as to the amount of such special benefit, and the proper basis and method of apportioning them, a question committed to the judgment and sound discretion of the municipality having charge of such improvement. Shalit v. City Commission of City of Albuquerque, 62 N.M. 55, 304 P.2d 578. See also Marks v. City of Detroit, 246 Mich. 517, 224 N.W. 619, and Mt. St. Mary's Cemetery Association v. Mullins, 248 U.S. 501, 39 S.Ct. 173, 174, 63 L.Ed. 383.

■■ The statute provides no standard that the engineer must use in making the estimate as to maximum benefits. Hedges v. City Commission of City of Albuquerque, 62 N.M. 421, 311 P.2d 649. It specifically provides for the estimate of maximum benefits on a front-foot basis. We conclude that the resolution directing the engineer to estimate the benefits on a front-foot basis, and the filing of his estimate as an expression of his opinion are authorized by the

statute. Feldhake v. City of Sante Fe, 61 N.M. 348, 300 P.2d 934. Therefore, the action of the city in approving the engineer's estimates of costs and benefits is conclusive and should not be disturbed by this court unless found to be arbitrary, capricious, confiscatory or actuated by fraud. In this regard we find the evidence to the contrary. A careful study of the record only leads to the conclusion that the findings on this issue are supported by substantial evidence. Shalit v. City Commission of City of Albuquerque, supra; Feldhake v. City of Sante Fe, supra; Hedges v. City Commission of City of Albuquerque, supra; Oliver v. Board of Trustees of Town of Alamogordo, 35 N.M. 477, 1 P.2d 116.

■ With respect to the inclusion of Pacheco Street within the paving district, appellant, McCrossen Hand-Woven Textiles, Inc., abutting property owner thereon, contends that the city lacks the power under the statute to order the repaving of a street that has been previously paved and, therefore, such action is void and amounts to a denial of due process. We do not so consider. While it was stipulated at a pretrial conference that Pacheco Street had at one time been paved by the State Highway Department without cost to the city or to the abutting property owners, such fact is neither evidence nor proof that the city was without legal or constitutional authority to follow the method pursued by it. Nor does

the stipulation present a question of repaving.

The judgment should be affirmed. IT IS SO ORDERED.

CHAVEZ and NOBLE, JJ., concur.