410 P.2d 742

**Lyle E. TEUTSCH, Jr., et al.,
Plaintiffs-Appellants,**

**v.**

**CITY OF SANTA FE, a Municipal Corporation, Defendant-Appellee.**

**No. 7609.**

Supreme Court of New Mexico.

Jan. 31, 1966.

Lyle Teutsch, Jr., Gilbert, White & Gilbert, Sumner Koch, Santa Fe, for appellants.

Dean S. Zinn, Santa Fe, for appellee.

MOISE, Justice.

Plaintiffs appeal from an order of the district court dismissing four consolidated cases. In each of the cases plaintiffs sought to set aside the action of the defendant looking to the paving or repaving of certain streets in the City of Santa Fe under the provisional order method, and to enjoin defendant from making the proposed improvements, or imposing or enforcing any lien therefor against property of the plaintiffs.

Plaintiffs here rely on two points. They first assert that the action of defendant in accepting its engineer's estimates of costs and benefits was arbitrary and erroneous as a matter of law because estimated benefits were arrived at by determining estimated costs on a front foot basis for each tract and fixing this same figure as the benefit for that tract. Under their second point they argue that the cost of removing existing pavement, curb and gutter, and of repaving a street, cannot be accomplished under the "provisional order method of

street improvements." (§§ 14–37–4, 14–37–16 to 14–37–18, inc.; 14–37–20 to 14–37–22, inc., 14–41–3 to 14–41–6, inc., 14–46–10 and 14–46–12, N.M.S.A.1953).

For our present purposes, §§ 14–37–16 and 14–37–20, supra, are all that we need to notice. We quote the pertinent part of § 14–37–16:

"Whenever the governing body of any city, town or village, whether incorporated under general act, special act, or special charter, shall be of the opinion that the interest of said municipality requires that any streets, alleys, or any part thereof, within the limits of said municipality be graded, graveled, paved, macademized, sidewalked, lighted, or in any manner improved, such governing body shall, by resolution, direct the city engineer, or some other competent engineer, to prepare preliminary plans showing a typical section of the contemplated improvement, the type or types of material, approximate thickness and wideness, and preliminary estimate of the cost of such improvement. He shall also submit an assessment plat showing the area to be assessed and the amount of maximum benefits estimated to be assessed against each tract or parcel of land in said assessment area, said estimate to be based on a front foot, zone, area, or other equitable basis, which basis shall be set forth in said

resolution. * * * Upon the filing of said plans, plat, typical section and preliminary estimate of the cost, and estimate of the cost, and estimate of maximum benefits, with the clerk of said governing body, the governing body shall examine the same and if found satisfactory shall make a provisional order to the effect that such work of improvement shall be done."

Section 14–37–20, supra, provides for the making of the assessments, and contains the following:

"Such assessment, including the cost of improving intersections, shall be on a frontage, zone, area or other equitable basis, as may be determined by the city council or board of trustees, but in no event shall the assessments exceed the estimated benefits to the property assessed, provided that whenever it appear that there are errors or omissions in said estimated benefits the governing body may correct the same and validate the assessments at a hearing for the purpose. * * *"

From all of these provisions it is manifest that in proceeding to make assessments the governing body of a city must get from its engineer a preliminary estimate of costs and "* * * an assessment plat showing the area to be assessed and the amount of maximum benefits estimated to be assessed against each tract or parcel of land. * *" In the notice required to be given in §

14-37-17, supra, it is provided that all interested persons shall be advised that they may ascertain " * * * the maximum amount of benefits estimated to be conferred on each piece or parcel of property * * *," and § 14-37-20, supra, provides that the assessment against each lot or parcel of land shall be made by the governing board of the municipality, and that " * * * in no event shall the assessments exceed the estimated benefits to the property assessed * * *".

It is plaintiffs' position that it is clear from the language set forth above that "cost" and "benefit" are two entirely different things and, that to arrive at estimated benefits soley by dividing estimated costs pro rata on a front foot basis so that estimated benefits are the same as estimated cost on any given piece of property, is arbitrary and erroneous.

Plaintiffs place their principal reliance on the statement in Hedges v. City Commission of City of Albuquerque, 62 N.M. 421, 424, 311 P.2d 649, 651, where we said, "Benefits are not synonomous (sic) with costs and they may be distinct from costs, but they do not have to be." This language is followed by the statement that, "In the usual case there likely will be a close correlation between an estimate of the cost of the improvement and the estimate of the maximum benefits to accrue as a result of the improvement. A determination by the engineers that estimated costs are approximately the same as estimated benefits does not mean that the question of benefits has been entirely disregarded." Also of interest is the holding in Feldhake v. City of Santa Fe, 61 N.M. 348, 300 P.2d 934, stated in Hedges to be "that the engineer's determination that estimated costs were equal to the estimated maximum benefits was quite proper."

The attack here is directed at the failure of the city engineer to make an estimate of benefits at all. Rather, he merely assumed that the benefits to any tract would equal the cost assessed on a front foot basis against that tract. He testified as follows:

"Q In other words, you determined that the estimated cost and the estimated benefits of the individual property were the same?

A That is correct."

What was meant by the answer is made certain by his further testimony:

"MR. KOCH: Mr. Scanlon, you testified that estimated cost and estimated benefits are synonymous— they are the same?

A So far as we are concerned, yes.

Q And when you testified that you determined the estimated maximum benefits, that was nothing more than your estimated cost figures as you have previously described?

A Yes. * * *

Q   Well, I mean you did not go through any other step except to put it in a column headed 'Maximum Benefits,' you didn't appraise, you didn't look at the property, it was an automatic step?

A   That is correct."

Whereas in Hedges, supra, we stated that benefits and costs are not synonymous, nevertheless in Feldhake, supra, we held that a determination by the engineer that costs and benefits were equal was not improper. In the light of these cases, was there any error in the court's conclusion under the facts here present that the statute had been complied with and that the governing board had exercised its discretion reasonably and properly? We answer the question in the affirmative.

A reading of Feldhake, supra, and Hedges, supra, does not disclose the presence of proof as to the actual procedure followed by the engineer in determining that the benefits and costs were the same. In Feldhake it appears that no objection was made to the proof of estimated costs and benefits as submitted by the engineer and the court held that the fact that the estimates represented the opinion of the engineer was within the provisions of the statute.

The decision in Hedges, supra, discloses that the statutory requirement for an estimate of benefits was met. The proof in this regard is not set forth, but we assume that the testimony was different from that

presented in the instant case and quoted above, the following, quoted from that case, is to our minds the crux of that decision and states the correct rule to be applied:

"Section 14-37-16, N.M.S.A., 1953, relative to the provisional order method for arranging for improvements, provides no standard that the engineer must use in making his estimate as to maximum benefits. Accordingly, it was held in Feldhake v. City of Sante [sic] Fe, supra, that the engineer's determination that estimated construction costs were equal to the estimated maximum benefits was quite proper. The basis and method of apportioning special assessments is committed to the judgment and sound discretion of the legislative tribunal of the state or municipality having charge of such improvement. 'The decision of such tribunal will not be disturbed by the courts in the absence of a clear showing that such decision was wholly arbitrary, capricious, or actuated by fraud or bad faith.' Shalit v. City Commission of Albuquerque, supra [62 N.M. 55, 304 P.2d [578] 581]."

Again, in Fowler v. City of Santa Fe, 72 N.M. 60, 380 P.2d 511, 513, we find the same rule stated, but as in the other cases it does not appear that uncontradicted proof was submitted to the effect that the estimated benefits were arrived at by assuming

that each tract would increase in value by the amount of the cost assessed against it.

The question presented here, in the light of the decisions noted above, may be restated thus: When the uncontradicted evidence shows that the engineer assumed that costs and benefits were synonymous, and arrived at his estimate of benefits by pro-rating the total cost among the various tracts on a front foot basis, was the action of the governing board of the defendant, in approving the same, arbitrary and capricious and the entire proceedings accordingly invalid?

It seems to us that the answer to the question must be in the affirmative. We find it impossible to distinguish the actions of the engineer here from those of the labor commissioner held invalid in City of Albuquerque v. Burrell, 64 N.M. 204, 326 P.2d 1088.

That case involved a requirement of law that specifications for public works in this state should contain a provision that the minimum wages to be paid "shall be based upon the wages that will be determined by the state labor commissioner to be prevailing for the corresponding classes of laborers and mechanics employed on projects of a character similar to the contract work in the city, town, village, or other civil subdivision or district of the state in which the work is to be performed * * *." Complaint was made that the commissioner had acted illegally, arbitrarily and capriciously in fixing a wage rate without reference to any prevailing rate, and without either a hearing or investigation of the facts. We there held that the commissioner's actions in fixing the minimum wage scale without investigating and determining the prevailing scale, amounted to "an utter disregard of the essential requirement of the statute" and that a cause of action had been stated. See also, Ross v. State Racing Commission, 64 N.M. 478, 330 P.2d 701.

[2] The statute here (§ 14–37–16, supra) requires the engineer to show on the assessment plat to be filed by him, the estimated maximum benefits to be received by each tract. That this is in addition to the estimated cost is clear. The holdings in Hedges, supra, and Feldhake, supra, are set forth above. We do not understand them to approve the procedure here followed. It seems quite apparent to us that more than a mere division of costs on a front-foot basis among the lots affected is required to determine estimated benefits. Johnson v. City of Milwaukee, 40 Wisc. 315; Watkins v. Zwietusch, 47 Wisc. 513, 3 N.W. 35; McKenzie v. City of Mandan, 27 N.D. 546, 147 N.W. 808; State v. District Court of Ramsey County, 29 Minn. 62, 11 N.W. 133; 14 McQuillen, Municipal Corporations, § 38.113, p. 267. The rule for apportionment of benefits as distinguished from apportionment of costs, insofar as

here applicable, is stated in 2 Page and Jones, Taxation by Assessment, § 699, p. 1208, where it is said:

"*  *  * While, under a statute providing for apportioning assessments according to the actual benefits, the public officers authorized to levy and apportion the assessment may find as a fact that the benefits are conferred upon the property in proportion to its frontage and may accordingly apportion the benefits upon the same basis, yet under such statutes if * * * it appears that such public officials arbitrarily selected the front foot rule as a method of apportionment without reference to the existence of benefits as a matter of fact, such apportionment is invalid. * * *"

That this should be true is particularly evident in this case where one of the streets included in the district was already paved, and was to be repaved, whereas the balance of the district had never been paved. To say that the repaving would benefit lots already paved by a greater amount per front foot (since costs of removing old paving, curb and gutter were included here) than the paving would benefit lots never before paved seems patently unreasonable to us. Plaintiffs presented proof that the repaving conferred no benefits. In this connection, compare Howarth v. Borough of Wenonah, 67 N.J.Super. 161, 170 A.2d 259; Johnson v. Rudolph (1926) 57 App.

D.C. 29, 16 F.2d 525; Carolina & N. W. Ry. Co. v. Town of Clover, S. C. (C.A.4, 1931) 46 F.2d 395; Rafkin v. City of Miami Beach (Fla.1949) 38 So.2d 836. The statute requires benefits to be estimated as to each tract. Accordingly, where no effort is made to determine benefits beyond division of the cost on each street on a front foot basis, without any consideration being given to whether a given tract is benefitted thereby and how much, the proceeding is invalid. Upper Moreland-Hatboro Joint Sewer Authority v. Pearson, 190 Pa.Super. 107, 152 A.2d 774; Howarth v. Borough of Wenonah, supra. See also, Northern Pacific Railway Company v. City of Grand Forks, (N.D.1955) 73 N.W.2d 348; Thacker v. Paving Improvement District No. 5 of Mena, 182 Ark. 368, 31 S.W.2d 758; Whitemarsh Township Authority v. Elwert, 413 Pa. 329, 196 A.2d 843; Village of Morton Grove v. Gelchsheimer, 16 Ill.2d 453, 158 N.E.2d 70.

Such is the situation disclosed by the record here. In fact, no effort was made to determine what amount, if any, the proposed improvements would increase the value of any given lot. The engineer and the defendant were satisfied to merely divide the cost among the tracts on a front foot basis and assign the result as benefit to the tract. In so doing, they did not comply with the legislative directive, and their determination is arbitrary and capricious, and cannot stand. City of Albuquerque v.

Burrell, supra; Shalit v. City Commission of Albuquerque, 62 N.M. 55, 304 P.2d 578, 581.

Having determined that the cause must be reversed, it becomes unnecessary for us to consider plaintiffs' second point that assessments may not be made against property for repaving.

The cause is reversed and remanded to the district court with instructions to proceed in a manner not inconsistent herewith.

It is so ordered.

CHAVEZ and NOBLE, JJ., concur.

CARMODY, C. J., and COMPTON, J., not participating.