417 P.2d 210

CITY OF HOBBS, a Municipal Corporation, Plaintiff-Appellee,

v.

CHESPORT, LTD., d/b/a Rex Arms Apartments, Defendant-Appellant.

No. 7872.

Supreme Court of New Mexico.

Aug. 1, 1966.

Seth, Montgomery, Federici & Andrews, Santa Fe, for appellant:

Donald D. Hallam, Hobbs, for appellee.

## OPINION

JOE W. WOOD, Judge, Court of Appeals.

This appeal involves the authority of plaintiff as a municipality to provide for its exclusive removal of garbage and the procedure followed by plaintiff in attempting to collect unpaid charges from the defendant. The numerous points raised by defendant will be stated and answered separately.

The statutory grant to municipalities for garbage removal is § 14–32–1 through § 14–32–11, N.M.S.A.1953 (now repealed). This appeal does not involve the "refuse" provisions enacted in 1965 which appear at §§ 14–49–1 through 14–49–7, N.M.S.A.

Plaintiff, by ordinance, provided for a general system of garbage collection and disposal. The ordinance vested in plaintiff the exclusive right to gather and collect garbage within the city, and provided the method of assessing costs for collection of the garbage. Plaintiff made classifications and set fees for the collection of the garbage according to these classifications.

The city clerk filed a list of delinquent garbage assessments with the governing body of plaintiff, and published a notice of the filing of this delinquent list. The notice stated a time and place for interested per-

sons to appear and object to the regularity of the proceedings. The city commission heard the protests at the time specified in the notice. The protests were overruled, and a claim of lien for delinquent garbage assessments was filed with the county clerk.

This suit was instituted for judgment in the amount of the lien and for foreclosure of the lien. Defendant was one of the persons against whom an assessment was made and a claim of lien was asserted. The trial court rendered judgment against defendant and ordered foreclosure of the lien for unpaid assessments covering the period from October 1, 1962, to April 30, 1963.

Defendant notified plaintiff that he would collect and dispose of his own garbage and refuse, and did so beginning December 1, 1962. After that date plaintiff did not collect garbage from defendant although plaintiff was ready, willing and able to do so and regularly stopped at defendant's property with the purpose of collecting garbage.

In this court the defendant has filed a motion to dismiss plaintiff's complaint on the ground that it fails to state a claim upon which relief can be granted. In support of his motion defendant argues that the complaint does not allege that there was a determination of special benefits to the property involved, and that under § 14–32–6, N.M.S.A.1953, there must be a determination of special benefits before there can be an assessment for garbage removal. Defendant relies on Teutsch v. City of Santa

Fe, 75 N.M. 717, 410 P.2d 742. That case dealt with the benefits to property in determining paving assessments and dealt with them as a substantive matter rather than as a matter of pleading.

■ Here the complaint was for foreclosure of a lien. The complaint alleged that the garbage assessments on which the lien claim is based were made "in accordance with Section 14–32–5 through Section 14–32–10, New Mexico Statutes 1953 Annotated." This allegation is sufficient under § 21–1–1(9) (h), N.M.S.A.1953. The motion is denied.

Defendant asserts that plaintiff does not have authority to give itself the exclusive right to collect and dispose of garbage. Gomez v. City of Las Vegas, 61 N.M. 27, 293 P.2d 984, held that a municipality could by contract give a private organization the exclusive right to collect and dispose of garbage. The issue then is not whether there can be an exclusive right, but whether a municipality may take this exclusiveness upon itself.

Relying on City of Clovis v. Crain, 68 N.M. 10, 357 P.2d 667, 88 A.L.R.2d 1243, defendant asserts that plaintiff could not give itself the exclusive right to remove garbage. In that case, the municipality had been collecting the garbage, and its right to do so was not an issue in the appeal. What Crain decided was that §§ 14–32–6 to 14–32–11, N.M.S.A.1953, provided the method for collecting delinquent garbage

assessments and that a suit for debt was not a proper method under the statute.

Attacks on ordinances giving the municipality the exclusive right of collection and disposal of garbage have usually been unsuccessful. The right of the municipality to this exclusiveness has been upheld as a proper exercise of the municipality's police or other powers. 83 A.L.R.2d 819.

■ Section 14–32–3, N.M.S.A.1953, authorizes municipalities to provide for the enforcement of a general system of garbage collection and disposal. Under § 14–32–4, N.M.S.A.1953, the municipality may designate or select garbage collectors by "appointment, contract or otherwise." What plaintiff has done is designate its employees as the exclusive collectors of garbage.

The ordinance providing for garbage collection and disposal is a health measure. Gomez v. City of Las Vegas, supra. Section 14–25–1, N.M.S.A.1953 gives a municipality authority to provide, by ordinance, for carrying out the powers conferred by law and to provide, by ordinance, for proper measures to preserve the health of the community. The authority to enforce a general system under § 14–32–3, N.M.S.A. 1953, and the authority to establish health measures, is authority for the municipality to place garbage collection and disposal exclusively with itself.

Defendant claims that he has a right to dispose of his own garbage. The definition of "person" in § 14–32–1, N.M.S.A.

1953, includes the defendant. In the exercise of the authority to provide for a general system of garbage collection under § 14–32–3, N.M.S.A.1953, plaintiff may require a "person" to provide "suitable receptacles" and "to deposit therein all garbage and to place such receptacle conveniently for removal." Under this statute defendant cannot do as he wishes with his garbage. The municipality has authority to determine how the garbage is to be handled. Further, a right in defendant to dispose of his own garbage would be inconsistent with an exclusive system of garbage collection and disposal.

■ Defendant claims that plaintiff cannot make a garbage assessment or claim a lien against his property for unpaid assessments when plaintiff did not remove garbage from his property. Section 14–32–4, N.M.S.A.1953, states that the municipality:

" * * * may provide that such garbage collector or collectors shall receive and collect from *every* person owning or controlling any house, shop, residence, establishment or place of business within such city, town or village, a reasonable sum, the amount and manner of payment to be fixed by the legislative or governing bodies thereof. * * *" (emphasis added)

The statute does not make collection of the garbage assessment dependent on the actual removal of garbage from the premises. The sum is to be collected from every

person included within the definition of person in § 14–32–1, N.M.S.A.1953.

Defendant claims that to charge him for garbage assessments when no garbage was removed from his premises is a taking of his property without due process of law in violation of Article II, § 18 of the Constitution of New Mexico and the Fourteenth Amendment of the Constitution of the United States.

The charges made are not just for removing garbage from defendant's premises. The sum to be collected under § 14–32–4, N.M.S.A. 1953, is to "defray the expenses of such garbage collection and disposal." This involves the entire system—the general system authorized by § 14–32–3, N.M.S.A. 1953.

Defendant is a person who receives benefits from the general system. These benefits are in the removal of garbage from premises of adjoining property and in plaintiff's spraying of the alleys and garbage cans to prevent flies. The charges made include cost of the services provided to property of others from which defendant's property benefits. Thus it is not true that defendant did not receive any benefits in connection with the charges made.

Further, the measure involved here is a police measure involving the health of all members of the community. In Gomez v. City of Las Vegas, supra, it was claimed that in providing for an exclusive system

of garbage collection by contract with one party, the plaintiff was deprived of the right to engage in a lawful business, thereby depriving him of property rights without due process of law. In rejecting this claim the court stated:

"* * * the power of a municipality to move in the exercise of its police power to prevent disease and satisfy ordinary sanitary requirements is unquestioned and measured only by the exigencies of the situation, * * *."

Defendant was not deprived of his property without due process by being required to pay the assessments. He received benefits in the collection and disposal of garbage from other premises in the community. The problem involved being a health problem, its solution bound defendant as well as other members of the community. Under § 14–32–3, N.M.S.A.1953, plaintiff can enforce the general system. Methods of enforcement other than the one used here are available under the provisions of § 14–32–5, N.M.S.A.1953. Plaintiff used the mildest of the enforcement provisions—collection of the assessment; such is not a denial of due process.

Defendant next asserts that before the plaintiff can make an assessment and claim of lien for non-payment of garbage fees (1) the property owner must have failed or refused to dispose of his own garbage and (2) the garbage has in fact been removed and disposed of by the municipality. De-

fendant makes this claim under § 14–32–6, N.M.S.A.1953.

Section 14–32–6, N.M.S.A.1953, provides for an assessment in two situations: (1) upon the failure to pay the amount provided by ordinance for the removal of the garbage and (2) when garbage is not placed in proper receptacles within 48 hours after it is "thrown, left or deposited" on the premises and the municipality performs a special clean-up or pick-up service.

Section 14–32–6, N.M.S.A.1953, uses the words, "amount required by ordinance to be paid for the removal of such garbage." This refers to the sum to be paid under § 14–32–4, N.M.S.A.1953, "to defray the expenses of such garbage collection and disposal." Under § 14–32–6, N.M.S.A.1953, an assessment can be made for failure to pay "the amount required by ordinance." Such an assessment is not dependent on the property owner first failing to dispose of his own garbage. Such a contention is inconsistent with both the "general system" and "exclusive system" of garbage collection and disposal.

Defendant next asserts that the procedure in making the assessment and claim of lien was defective in failing to include in the published notice a description of "the removal and what was removed." Defendant also asserts that plaintiff is required to determine the extent to which defendant's property was benefited by garbage removal on the basis that the assessments cannot exceed the actual benefits. Defendant called for less than the complete record and proceedings in his praecipe. Defendant included in its praecipe a statement of the points on which it intended to rely. These two points were not stated in the praecipe. No request was made to the district court to amend the points included in the praecipe. We are precluded from considering these two points, since the review is limited to the points stated in the praecipe. Section 21–2–1 (12) (1), N.M.S.A.1953; Robinson v. Black, 73 N.M. 116, 385 P.2d 971.

The trial court found that the assessments imposed by plaintiff were reasonable. Defendant's next point is that the court erred in this finding and in refusing to adopt contrary findings as requested by defendant. There is evidence to support the finding of the trial court.

The rate applied to defendant's apartments was $2.00 per unit. These rates were comparable to charges made for apartment units by other municipalities of similar size. The rate was uniformly applied to other apartment units within the municipality. While the trial court remarked that there could be a lowering of the rate for apartment units he also pointed out that this was an administrative function. The trial court found that the rates for apartments were reasonable. We cannot say, as a matter of law, they were unreasonable.

Defendant's next point is that the court erred in refusing its requested findings and conclusions to the effect that the garbage assessments are deposited in plaintiff's general fund and used to meet general obligations of the municipality.

There was testimony that in establishing the rates an attempt was made to base them on costs, that no attempt was made to make a profit. From July 1, 1963, to June 30, 1964, the income from the assessments was $227,757 and costs were $197,993. This difference of approximately $30,000 amounted to a difference of income over costs of 17¢ per cubic yard of garbage collected.

The cost figures did not include cost of land for the disposal of garbage, or a depreciation reserve of $16,000 each year to replace existing equipment of the garbage department. In addition, there were "intangibles" of garbage collection to which a cost figure could not be assigned. These were cost of police for enforcing the garbage ordinance, cost of firemen in fighting trash and garbage fires and cost of grading alleys—this being where the garbage was picked up.

The income from the assessments had a reasonable relationship to the costs of the entire system of garbage collection and disposal. The testimony as to costs does not show, as a matter of law, income from garbage assessments was used for the municipality's general obligations.

Defendant argues the assessment charged against him can only be for the actual cost of removal of garbage from his premises, relying on the language of § 14–32–6, N.M.S.A.1953. Defendant also argues that spraying of the alleys is not an authorized cost, that the only authorized cost is "cost of removal." These arguments are without merit. While § 14–32–6, N.M.S.A.1953, refers to cost of removal, this means the expenses of garbage collection and disposal. These expenses embrace the entire garbage system, and include the cost of preventive spraying adopted by plaintiff as a part of its general system.

Defendant's final point is that the court erred in dismissing defendant's counterclaim. The counterclaim asked damages on the basis that plaintiff, in making garbage assessments and filing the claim of lien against defendant's property, acted with malice and slandered defendant's title. The plaintiff proceeded under statutory authority to enact the ordinance, make the assessment and claim the lien. We are not required to determine whether this counterclaim states a claim for which relief could be granted against the plaintiff, a municipality. There is no evidence which would support a finding of malice. Malice is an essential ingredient of slander of title. Olsen Oil Co. v. Fidler, 199 F.2d 868 (10th Cir.1952).

The judgment is affirmed. It is so ordered.

CARMODY, C. J., COMPTON, J., and WALDO SPIESS, J., Court of Appeals, concur.

MOISE, Justice (dissenting).

I feel compelled to express my disagreement with the disposition by the majority of appellant's points II and III for the asserted reason of failure to comply with Supreme Court Rule 12(1) (§ 21–2–1(12) (1), N.M.S.A.1953) which requires that when less than a complete record is called for in the praecipe "a concise statement of the points" on which appellant intends to rely is required, "[t]he review shall be limited to the points as stated." and that the two points in question are not set forth.

My disagreement arises because the matters omitted in the praecipe had no possible effect on this appeal, being generally pertinent to other parties not involved in this appeal, no counterpraecipe was filed to include anything omitted, and appellee has not argued or suggested that the omitted material in any way prejudiced it on this appeal. As I read the points set forth by appellant, the arguments not being considered are within the general statement of point II. Again, appellee does not claim otherwise or that it has been in any manner prejudiced.

Under the circumstances, it seems to me that to refuse to consider the point is to exalt form over substance. We have precedent in cases where deviation from the rules was even more serious than here. See Chronister v. State Farm Mutual Automobile Ins. Co., 67 N.M. 170, 353 P.2d 1059; State v. Gonzales, 43 N.M. 498, 95 P.2d 673; State v. Apodaca, 42 N.M. 544, 82 P.2d 641. Under the circumstances here present the rule in Robinson v. Black, 73 N.M. 116, 385 P.2d 971, should not be applied.

For the reasons stated, I dissent.