458 P.2d 785

BARBER'S SUPER MARKETS, INC.,
Plaintiff-Appellee,

v.

CITY OF GRANTS, New Mexico, a munici-
pal corporation, and O. L. McMains, Jr.,
d/b/a Sanitary Service Company, Defend-
ants-Appellants.

No. 8762.

Supreme Court of New Mexico.

Sept. 15, 1969.

534

C. Verne Hale, Grants, for City of Grants.

W. P. Kearns, Jr., Grants, for McMains.

Hernandez, Atkinson & Kelsey, Albuquerque, for appellee.

## OPINION

WATSON, Justice.

Defendant Town (now City) of Grants adopted Municipal Ordinance No. 160 on September 28, 1961. This ordinance granted an exclusive franchise to defendant O. L. McMains, Jr., to collect, remove, and dispose of garbage from premises located within the corporate limits and set the rates he could charge for his services. It defined "garbage" as including "waste paper, trash, rubbish, and waste or unwholesome materials of every kind and character." The ordinance, by § XV, made it unlawful for owners and occupants to dispose of garbage and to accumulate garbage, except for periods of time between pickups by McMains and made it unlawful to

"(c) Burn inflammable rubbish except where such burning is in strict compliance with the terms and provisions of an Ordinance of the Town of Grants, New Mexico for the controlled burning of rubbish within the Town of Grants."

Section XXVIII of the ordinance provided:

"The Board of Trustees shall, prior to adopting any Ordinance providing for controlled burning of rubbish or other similar materials within the Town of Grants, obtain the Company's [McMains's] written approval of such Ordinance; provided, however, the Company shall not arbitrarily refuse to give such written consent, but may do so only for good cause."

Plaintiff Barber's Super Market, Inc., in the operation of its market in Grants, accumulated daily large quantities of combustible waste material, such as empty packing cartons and cases, paper, packing material, trash, and other refuse. It made application to defendant City for a building permit to allow the installation of an incinerator upon its premises. The permit was denied on the sole grounds that its operation would be in violation of paragraph (c) of § XV above quoted. A declaratory judgment action was then filed by Barber's against the City and McMains; after trial without a jury, judgment was entered in favor of Barber's requiring the City to issue the permit for the installation and use of the incinerator. From this judgment the City and McMains appeal.

The trial court found that the use of the incinerator as proposed by Barber's would promote public safety by reducing a fire hazard and promote public health by reducing the breeding of insects, rats, and other vermin to a degree greater than the disposal of rubbish by the pickup service of McMains. It also found that the proposed incinerator would not contribute to pollution of air to a degree to constitute a nuisance or affect public health, and that the City's failure to pass a controlled burning ordinance as mentioned in paragraph (c), § XV, of Ordinance No. 160 was unreasonable, arbitrary, and capricious and amounted to an invalid and unconstitutional abuse of the City's police power.

In addition, the trial court found that the City permitted a competitor of the plaintiff to install and maintain upon its premises in Grants an incinerator comparable to the one for which plaintiff sought a permit.

From the above findings of fact and because of § XXVIII of the ordinance above quoted, the court concluded: (1) That so far as Ordinance No. 160 prohibits the burning of rubbish in an incinerator of the type proposed by plaintiff Barber's it had no relation to public health or safety, and

defendant City was arbitrary and unreasonable in denying the permit; (2) that § XXVIII of the ordinance requiring McMains's approval of any controlled burning ordinance was invalid as an alienation of the City's police power and rendered the ordinance void, and that the failure of the City to enact a controlled burning ordinance was an unreasonable and an unconstitutional abuse of the City's police power; and (3) that to permit the installation and use of a similar incinerator by a competitor and to refuse the same to Barber's was denying it equal protection under the Fourteenth Amendment to the United States Constitution and under Article II, § 18, of the New Mexico Constitution.

There is no contention that Ordinance No. 160 is not authorized by Municipal Code, §§ 14–19–1 through 14–19–7, N.M. S.A.1953, nor that the City could not give the exclusive garbage franchise to McMains. But here the court has found that the use of the incinerator proposed by Barber's is better for the public health and safety than the pickup service offered by McMains and has permitted the installation of the incinerator.

■ The City, however, is the sole judge as to what is best for the public health and safety of its inhabitants. Gomez v. City of Las Vegas, 61 N.M. 27, 293 P.2d 984 (1956). If there is a relationship between its ordinance and its purpose, then unless its determination of the best method is so arbitrary and unreasonable as to be equivalent to fraud it will not be set aside. Martinez v. Cook, 56 N.M. 343, 244 P.2d 134 (1952); Mitchell v. City of Roswell, 45 N.M. 92, 111 P.2d 41 (1941); City of Hobbs v. Chesport, Ltd., 76 N.M. 609, 417 P.2d 210 (1966); Oliver v. Board of Trustees of Town of Alamogordo, 35 N.M. 477, 1 P.2d 116 (1931); Fowler v. City of Santa Fe, 72 N.M. 60, 380 P.2d 511 (1963).

■ The findings clearly indicate that public health and safety would be involved in the burning of the rubbish, as well as in its removal and disposal; certainly there is a relationship between this requirement of the ordinance and its purpose, which is to protect the health and safety of the inhabitants of the city. There is no finding that the City's original determination incorporated in Ordinance No. 160 to require pickup and disposal by McMains rather than incineration was even the result of arbitrary, unreasonable or capricious actions, much less fraudulent ones.

■ An incinerator need not contribute to pollution of the air to such a degree as to become a nuisance before the city can prohibit it. See Town of Gallup v. Constant, 36 N.M. 211, 11 P.2d 962 (1932). The City must consider the overall effect of all possible applications for incinerators when it adopts an ordinance which would control Barber's activities. Wickard v. Filburn, 317 U.S. 111, at 127 and 128, 63 S.Ct 82, 87 L.Ed. 122 (1942).

It seems to be Barber's contention that the failure to pass a controlled burning ordinance with which its proposed incinerator would comply was because of the necessity of securing McMains's consent under § XXVIII of the Ordinance. There is no finding of fact to this effect, only the conclusion that § XXVIII is invalid, and that the failure to enact a burning ordinance amounts to an invalid and unconstitutional abuse of the City's police power. Such a conclusion is in effect holding that because one part of the ordinance is bad, not only is the entire ordinance void but that the City must pass another ordinance. In addition, by requiring the issuance of the permit for the use of the specific incinerator proposed by Barber's, the trial court has in effect dictated at least a portion of the terms of the new ordinance.

In Farnsworth v. City of Roswell, 63 N. M. 195, 315 P.2d 839 (1957), plaintiffs sought to avoid an ordinance which prohibited parking in front of their property on the grounds that it had been passed as a requirement to obtain aid from the State Highway Commission and amounted to a bartering away of the City's police power. This court was not attracted by the argument that the ordinance was bad and unen-

forcible simply because the City did what it had a right to do, even if it had made the commitment to the Highway Commission.

If § XXVIII is invalid (which we do not decide here) and that section is simply eliminated from the ordinance, the question of whether to enact a burning ordinance at all would still be up to the City, as well as the decision of whether to enact an ordinance with which Barber's proposed incinerator would comply. The failure to enact the ordinance would not be an abuse of the City's police power. Its right to refrain from legislation on the subject is as well established as its right to legislate. The entire ordinance must therefore be declared invalid before Barber's can complain of the failure of the City to issue a permit for its incinerator.

■ We do not believe that the invalidity of § XXVIII would render the entire ordinance void. In Schwartz v. Town of Gallup, 22 N.M. 521, 165 P. 345 (1917), there was before this court the question as to whether an ordinance regulating retail liquor sales was void because of the inclusion therein of an unauthorized provision relating to sales by drug stores. In Schwartz, supra, the general rule since followed in New Mexico was set forth as follows:

"A part of the law may be unconstitutional and the remainder of it valid, where the objectionable part may be properly separated from the other without impairing the force and effect of the portion which remains, and where the legislative purpose as expressed in such valid portion can be accomplished and given effect, independently of the void provisions, and where if the entire act is taken into consideration it cannot be said that the enacting power would not have passed the portion retained had it known that the void provisions must fall. State v. Brooken, 19 N.M. 404, 143 P. 479, L.R. A.1915B, 213, Ann.Cas.1916D, 136."

■ We believe § XXVIII can be separated without impairing the rest of Ordinance No. 160. We cannot say that the governing body of Grants would not have

passed the rest of the ordinance without it if this section is void. Harper v. Richardson, 222 Mo.App. 331, 297 S.W. 141 (1927). The severability clause (§ XXXII) of the Ordinance itself, while not an inexorable command, does raise this presumption. See Burch v. Foy, 62 N.M. 219, 308 P.2d 199 (1957), where there was a severability clause, and Bradbury & Stamm Construction Co. v. Bureau of Revenue, 70 N. M. 226, 372 P.2d 808 (1962), where there was none.

Since the invalidity of § XXVIII (if it is invalid) will not support the judgment of the lower court, and since Ordinance No. 160 is otherwise valid as a proper function of the city government, we must now see if there are constitutional violations in its administration.

Conclusion of Law No. 6 reads:

"That by denying to plaintiff the right to install and use an incinerator of the type proposed to be used by plaintiff, while permitting another business establishment within the city limits to use an incinerator for similar purposes, the defendant City of Grants is denying to the plaintiff the equal protection of the laws, in derogation of the Fourteenth Amendment to the United States Constitution and Section 18, Article II, of the Constitution of the State of New Mexico."

The sole finding to support this conclusion is:

"9. Defendant City of Grants has permitted a competing business concern, similarly situated to plaintiff, to install and maintain upon its business premises in the City of Grants, an incinerator comparable to that described in paragraph 4 above."

In support of the conclusion based on this finding, appellee relies upon Yick Wo v. Hopkins, 118 U.S. 356, 6 S.Ct. 1064, 30 L. Ed. 220 (1886), and we quote from that case as follows:

"Though the law itself be fair on its face and impartial in appearance, yet, if it is applied and administered by public authority with an evil eye and an unequal

hand, so as practically to make unjust and illegal discriminations between persons in similar circumstances, material to their rights, the denial of equal justice is still within the prohibition of the constitution."

■■ No New Mexico cases are cited, nor have we found any, which would indicate that from the fact set forth in Finding No. 9 one could conclude that the City of Grants administered the ordinance "with an evil eye and an unequal hand." Yick Wo, supra, has been interpreted by both the Supreme Court and other courts. In De Maggio v. Brown, 19 N.Y.2d 283, 279 N.Y. S.2d 161, 225 N.E.2d 871 (1967), many of these cases are assembled. It appears that unequal administration of the law or ordinance, so as to violate the State and United States Constitutions, will not result unless an intentional or purposeful discrimination is shown, and that this cannot be presumed. Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497 (1944). One must prove more than mere nonenforcement against other violators, De Maggio, supra, and present something which in effect amounts to an intentional violation of the essential principle of practiced uniformity. 16 Am. Jur.2d Constitutional Law § 541, and Boynton v. Fox West Coast Theatres Corporation, 60 F.2d 851 (10th Cir. 1932).

■ We adopt the principles above set forth and so must find that the facts here do not warrant Conclusion No. 6 reached by the trial court. Neither the Fourteenth Amendment to the United States Constitution nor § 18 of Article II of the New Mexico Constitution having been violated in its enforcement, the pertinent portions of Ordinance No. 160 being within the police power of the city, even if § XXVIII thereof is invalid, we must conclude that the trial court was in error.

The judgment is reversed and the cause remanded with instructions to dismiss the complaint at plaintiff's cost.

It is so ordered.

NOBLE, C. J., and COMPTON, J., concur.