326 P.2d 1088

**CITY OF ALBUQUERQUE, a Municipal Corporation, Plaintiff-Appellant,**

v.

**C. W. BURRELL, State Labor Commissioner, Defendant-Appellee.**

No. 6398.

Supreme Court of New Mexico.

June 13, 1958.

Frank Horan, Malcolm W. DeVesty, Paul F. Henderson, Jr., Albuquerque, for appellant.

Fred M. Standley, Atty. Gen., Fred M. Calkins, Jr., Robert F. Pyatt, Asst. Attys. Gen., for appellee.

McGHEE, Justice.

The plaintiff sought an injunction against the defendant to prevent his insisting upon the city inserting minimum wage rates which had been promulgated by him in his general orders 4 and 6 made pursuant to the provisions of section 6–6–6, N.M. S.A.1953, the material part of which reads:

"The advertised specifications for every contract in excess of $2,000, to which the state of New Mexico, or any political subdivision thereof is a party, for construction, alteration, and/or repair, including painting and decorating, of public buildings or public works or public roads of the state of New Mexico, and which requires or involves the employment of mechanics and/or laborers shall contain a provision stating the minimum wages to be paid various classes of laborers and mechanics which shall be based upon the wages that will be determined by the state labor commissioner to be prevailing for the corresponding classes of laborers and mechanics employed on projects of a character similar to the contract work in the city, town, village, or other civil subdivision or district of the state in which the work is to be performed there; * * *"

The complaint alleged it had undertaken to construct various public buildings, works and highway and street projects upon which bids had been asked, and will be asked, of general construction contractors, the advertising specifications of which must contain minimum wage rates determined by the defendant, and that public funds for the payment of such public work contracts had been raised by public bond issues.

The complaint makes the following attack on such orders:

"Alleged General Orders No. 4 and No. 6 were issued by the defendant contrary to Section 6–6–6 N.M.S.A., 1953 in the following respects:

"(1) Said Orders do not reflect the prevailing minimum wage rates in the City of Albuquerque.

"(2) Said Orders were not determined from any investigation on the part of the defendant, nor as the result of any evidence or facts received from any hearing for the purpose of making such determination.

"(3) Said Orders were issued as a result of the arbitrary, capricious, unreasonable and unlawful action of the defendant contrary to law and the public policy of the State of New Mexico.

"The alleged General Orders No. 4 and No. 6 constitute rates of wages higher than the minimum wages paid for similar work in the City of Albuquerque, and if said orders are allowed to remain in force, the cost of construction will be so great for the City of Albuquerque, that it will not have sufficient funds with which to carry on its public works according to schedule.

"That Chapter 179, Laws of 1937 is unconstitutional and void in that it constitutes an unlawful delegation of the legislative power to the State Labor Commissioner, contrary to Article III, Section 1, in that it delegates to the State Labor Commissioner the power to determine minimum wages upon public works without fixing any reasonable standards to guide him in making his determination; that there are no provisions for ascertaining wage conditions in the industry in order to determine the reasonable and fairness of the proposed wage rates.

"There is great urgent need for the City of Albuquerque to proceed with its public works program for the benefit of the health and safety of its citizens, and unless the defendant is enjoined from enforcing said alleged illegal General Orders No. 4 and No. 6, said public works program will not be able to proceed as scheduled to the great detriment and harm to the general public."

The application of the plaintiff for a temporary injunction was set for hearing, and the defendant filed a motion to dismiss the complaint with prejudice on the following grounds:

"That said Petition fails to state a claim upon which relief can be granted because:

"(a) Plaintiff is a volunteer and has no standing to sue defendant in a cause of this nature.

"(b) That this is a suit against the State of New Mexico to which legislative consent has not been given.

"(c) That Sec. 6–6–6 N M S A, 1953 Comp., is constitutional and is not an unconstitutional delegation of legislative authority, but is rather a valid instruction by the legislature to an agent of this State, to-wit, the State Labor Commissioner.

"(d) That the instant controversy involves a discretionary function vested in Defendant, is within the exclusive jurisdiction of the executive branch of the government of this State, and this Honorable Court has no jurisdiction concerning the same.

"That Plaintiff has failed to join an indispensable party defendant."

Following a hearing an order was entered sustaining the motion on all grounds, and this appeal followed. For the purpose of determining the correctness of the ruling all material facts set out in the complaint must be taken as true.

The plaintiff answers the contention of the defendant that it is a volunteer and thus has no standing to maintain this action, saying it is a municipal corporation, and as such must undertake public construction such as buildings, sewers, and water works and make street repairs among other duties for the health and welfare of its citizens and the public generally; that it has voted bonds and planned various types of construction which must be materially curtailed if the order complained of is valid because of the claimed excessive wage scale set by the defendant, and that by reason thereof the doctrine of the cases of Perkins v. Lukens Steele Co., 1946, 310 U.S. 113, 60 S.Ct. 869, 84 L.Ed. 1108, and United States v. Binghampton Construction Co., 1954, 347 U.S. 171, 74 S.Ct. 438, 98 L.Ed. 594, that one doing business with the government is a volunteer and as such does not have the capacity to maintain an action to test the validity of a wage scale set by the Secretary of Labor under the Walsh-Healey and Bacon-Davis acts, 41 U.S.C.A. § 35 and 40 U.S.C.A. § 276a respectively, does not apply to it.

The Walsh-Healey Act provided one supplying materials to the United States in amounts exceeding $10,000 should pay wages to its employees in such sum as was determined by the Secretary of Labor to be the prevailing wage in the locality. The Bacon-Davis Act contained a similar provision relating to contractors doing work for the United States.

The New Mexico statute under consideration is practically identical with the Bacon-Davis Act, and if a contractor was challenging the law, we would readily accept the reasoning of the United States Supreme Court, but here we have a New Mexico municipal corporation alleging injury in that the defendant has without investigation set an arbitrary wage scale to its injury, and that by reason of such action the order is void. It might be here stated there was no such challenge in the above cases. The wage scales involved in those cases were set by the Secretary after hearings. Here we have New Mexico's largest and fastest growing city, as a plaintiff, and it is a matter of common

knowledge its governing body has been hard put to keep up with its growth and provide the necessary facilities for the health and general welfare of its citizens.

We held the plaintiff has the capacity to maintain this action.

The next point made by the plaintiff is that a suit by a municipality to restrain a state official from acting illegally or arbitrarily is not a suit against the state, and hence the latter is not an indispensable party.

The allegation is that the defendant has acted illegally, arbitrarily and capriciously because he fixed a minimum wage rate without reference to any prevailing rate, and without any investigation of the facts. The defendant argues the claim he acted illegally, arbitrarily and capriciously is a mere conclusion of law. Under our old systems of pleadings, yes, but under our new rules we are not so sure, but even assuming the defendant is right in this claim it must be admitted the words fittingly describe his acts if he fixed the wage scale without any investigation or ascertainment of the prevailing wages in Albuquerque. The law does not give the defendant the power to set a minimum scale of what he thinks they should be, but *only* to determine the prevailing wages being paid in a municipality or political subdivision, and set them out in his order as the minimum wage to be

paid. Here he made one order covering the entire state, thus finding the same wage scale prevailing in the severely depressed and boom counties, which in itself, is sufficient to cast serious doubt on the bona fides of his action.

In the Lukens case the Circuit Court of Appeals in 70 App.D.C. 354, 107 F.2d 627, 635, held that was not a suit against the United States, and the Supreme Court of the United States in reversing on other grounds did not even note the jurisdictional issue.

The court in Barry v. Compton, 37 N.M. 599, 26 P.2d 359, affirmed a judgment enjoining a District Attorney (a state officer) from prosecuting a defendant for the violation of a statute it held was unconstitutional. Only recently this court in Harriett v. Lusk, 320 P.2d 738, held an action against the State School Superintendent and the members of the State Board of Education, seeking a declaratory judgment that a consolidation of schools the Board had ordered was illegal, was not a suit against the State of New Mexico, the writer dissenting.

In Adams v. Nagle, 303 U.S. 532, 58 S. Ct. 687, 82 L.Ed. 999, it was held that where a statute vests no discretion in an executive officer but to act under a given set of circumstances, or forbids his acting except under certain named conditions, a court will compel him to act or refrain

from acting if he essays wholly to disregard the statutory mandate; but if discretion is vested the courts may not interfere.

The whole duty of the defendant before he promulgates an order setting the minimum wage scale to be paid on public works is for him to determine the prevailing wages being paid in the locality for like work—not what he thinks would be a just rate, but that established in the locality. In this connection, we believe the word "determine" is synonymous with "ascertain". The law does not require that he hold hearings, although it would no doubt be informative and beneficial, but he must investigate and determine the prevailing scale as a result of his own investigation, but an investigation and ascertainment there must be before the rate is promulgated. Compare Yarbrough v. Montoya, 54 N.M. 91, 214 P.2d 729.

We hold this is an action against the defendant only to prevent the enforcement of an illegal order by him in his official capacity, and that it is not a suit against the state, and the latter is not a necessary party.

Neither are the acts complained of discretionary acts of the defendant so he would be protected from judicial scrutiny, but they are illegal acts under the statute, so far as the record shows. It must be remembered this is not a case where there has been a hearing before the commissioner, as was the case in Lukens and Binghampton, and also Texas Highway Commission v. El Paso Building & Construction Trades Council, 149 Tex. 457, 234 S.W.2d 857. The statute does not give an aggrieved party a right of appeal or the right to resort to the courts, and so long as the commissioner acts within the four corners of the statute the courts have no right to interfere, but where as in this case there was, as stated in the complaint (and we must take the statement as true for the purpose of disposing of the motion) an utter disregard of the essential requirement of the statute, namely to ascertain and determine the prevailing rates in the locality, the defense that he is a part of the executive branch and not subject to any sort of judicial control must be brushed aside.

We have no desire to see the courts of this state hamper the labor commissioner in the discharge of the duties of his office and, of course, we will not do so as long as he acts in compliance with the statute. We approve the holding of the Texas Court in the Highway Commission case, supra, under the facts there present.

The plaintiff makes the final contention that section 6–6–6 is unconstitutional as an unlawful delegation of legislative authority to the State Labor Commissioner, saying the act does not establish

any standard or formula by which the defendant can determine the prevailing wage in Albuquerque.

It seems to us the direction is simple. He is to ascertain the *prevailing* wage in the locality where the public work is to be performed, and issue an order in accordance therewith. In other words, on the finding of certain facts by him the legislative act is effective.

A similar contention was made in California in Metropolitan Water District of Southern California v. Whitsett, 215 Cal. 400, 10 P.2d 751, as well as on other grounds that a statute similar to ours was unconstitutional. In an able opinion the Act was upheld. The opinion is a strong one and we would not attempt to improve upon it, but refer the student to it for the reasons these statutes providing the wages that must be paid on public works are constitutional.

The claim of the plaintiff that the section in question is unconstitutional is unfounded.

The cause will be reversed and remanded to the District Court with instructions to vacate its order and enter another denying the motion to dismiss, with leave for the defendant to answer if he so elects.

It is so ordered.

LUJAN, C. J., and SADLER, COMPTON and SHILLINGLAW, JJ., concur.