555 P.2d 684

**L. H. LACY COMPANY, a corporation, Petitioner-Appellee,**

v.

**STATE LABOR AND INDUSTRIAL COMMISSION et al., Respondents-Appellants.**

**No. 10862.**

Supreme Court of New Mexico.

Oct. 20, 1976.

Toney Anaya, Atty. Gen., Andrea Buzzard, Asst. Atty. Gen., Santa Fe, for respondents-appellants.

Jones, Gallegos, Snead & Wertheim, J. E. Gallegos, Phyllis I. Crist, Santa Fe, for petitioner-appellee.

Richard L. Russell, V. Henry Rothschild, III, Lawrence O. Maxwell, Santa Fe, amicus curiae, St. Hwy Dept.

Poole, Tinnin, Danfelser & Martin, Robert C. Poole, Henry A. Kelly, Albuquerque, amicus curiae, Associated Contractors.

## OPINION

MONTOYA, Justice.

This is an appeal from a decision of the District Court of Santa Fe County, which reversed a decision of the State Labor and Industrial Commission of New Mexico (Commission). The cause arose when Stivers, an employee of L. H. Lacy Company, a corporation (Lacy) who was hired and paid as a common laborer, complained to the State Labor Commissioner in a wage claim proceeding under the Public Works Minimum Wage Act, §§ 6–6–1, et seq., N.M.S.A.1953 (Repl. Vol. 2, pt. 1, 1974). Stivers claimed he was entitled to wages as a "reinforcing ironworker" based upon the Labor Commissioner's standard job classification and description for the type of work he was doing while in Lacy's employ. Lacy was a subcontractor on a public works construction project, which was subject to the Public Works Minimum Wage Act. The Labor Commissioner ruled that Lacy had wilfully violated the Minimum Wage Act. Lacy was notified that the Commissioner intended to invoke the "blacklisting" sanctions of § 6–6–8(A) of the Act, and that Stivers had been improperly classified as a "common laborer" and was owed $460.68 in back wages. Lacy then appealed the ruling to the Commission, who reversed the finding that Lacy had wilfully violated the Act, but otherwise affirmed the ruling of the Labor Commissioner. This ruling was appealed to the Santa Fe County District Court and the court reversed the decision of the Commission as not being supported by substantial evidence, and as being in excess of its statutory authority.

The pertinent findings made by the trial court, which are challenged and which are dispositive, are as follows:

"13. The only reliable, probative and substantial evidence on the whole record

is Petitioner's uncontradicted evidence that the prevailing wage practice in the State of New Mexico on contract work of a similar nature is to pay employees performing Stivers' duties as common laborers.

" * * *.

"17. That portion of the decision of the State Labor and Industrial Commission, sitting as the appeals board, dealing with Petitioner's classification of and wage payments to Stivers is in violation of the Public Works Minimum Wage Act, § 6–6–6, *et seq.*, N.M.S.A. 1953, because the interpretation and application by the Labor Commission of the Labor Commissioner's standard job classifications and description was not based upon the prevailing wages being paid on contract work of a similar nature to corresponding classes of laborers and mechanics performing the work Stivers performed and is, therefore, arbitrary and in excess of the Labor Commissioner's statutory authority.

"18. That portion of the decision of the State Labor and Industrial Commission, sitting as the appeals board, dealing with Petitioner's classification of and wage payments to Stivers is arbitrary and clearly erroneous in view of the reliable, probative and substantial evidence on the whole record because Petitioner's uncontradicted evidence is that the prevailing wage practice in the State of New Mexico on contract work of a similar nature is to pay employees performing Stivers' work as common laborers, and not as reinforcing ironworkers."

It is Lacy's contention that there was no substantial evidence upon which the Commission could base its decision concerning the alleged misclassification of Stivers by Lacy. The Commission contends that its decision is based upon the "reinforcing ironworkers" classification made by the Labor Commissioner in view of the duties being performed by Stivers.

In *City of Albuquerque v. Burrell*, 64 N.M. 204, 210–211, 326 P.2d 1088, 1091–1092 (1958), we said:

"The whole duty of the defendant [referring to the State Labor Commissioner] before he promulgates an order setting the minimum wage scale to be paid on public works is for him to determine the prevailing wages being paid in the locality for like work—not what he thinks would be a just rate, but that established in the locality. In this connection, we believe the word 'determine' is synonymous with 'ascertain'. The law does not require that he hold hearings, although it would no doubt be informative and beneficial, but he must investigate and determine the prevailing scale as a result of his own investigation, but an investigation and ascertainment there must be before the rate is promulgated. Compare *Yarbrough v. Montoya*, 54 N.M. 91, 214 P.2d [769].

" * * *

"Neither are the acts complained of discretionary acts of the defendant so he would be protected from judicial scrutiny, * * *.

" * * *

"It seems to us the direction is simple. He is to ascertain the *prevailing* wage in the locality where the public work is to be performed, and issue an order in accordance therewith. * * *"

The trial court, after hearing the evidence and following our holding in *City of Albuquerque v. Burrell*, supra, reversed the decision of the Commission. The trial court's findings Nos. 13, 17 and 18, if proper, are dispositive of this appeal. We have read the record and conclude that the above findings are supported by substantial evidence. Indeed, there is no evidence to the contrary, unless we rely upon the job classification prepared by the Labor Commissioner. However, the existence of a job classification, even though established by the Commissioner, is not the test according to *City of Albuquerque v. Burrell*, supra.

We find no evidence that the Commissioner took into account the prevailing wage practice for the same type of work being performed by Stivers in arriving at the job classification relied upon. There is no need to detail the evidence adduced in support of the trial court's findings, other than to state that all of the witnesses testified that the prevailing wage practice in the industry in New Mexico was to classify and pay as "common laborers" all employees who performed duties similar in nature to those of Stivers.

The other issues presented need not be decided in order to resolve this appeal.

The judgment of the trial court is affirmed.

IT IS SO ORDERED.

McMANUS and EASLEY, JJ., concur.