F. H. HARPER ET AL., APPELLANTS, v. MOSES RICHARDSON, RESPONDENT.[*]

Kansas City Court of Appeals.   June 27, 1927.

[*]Corpus Juris-Cyc. References: Injunctions, 32CJ, section 347, p. 224, n. 35; Municipal Corporations, 43CJ, section 273, p. 263, n. 97; section 457, p. 378, n. 55, 61, 62, 63; p. 379, n. 65.

*Schultz & Owens* for appellants.

No brief for respondent.

ARNOLD, J.—This is a suit in equity, seeking an injunction to restrain defendant from collecting and disposing of garbage in the city of St. Joseph, Missouri. The suit was submitted to the court,

sitting as a chancellor, upon an agreed statement of facts, embracing the following:

That by virtue of special ordinance No. 8871, approved October 13, 1922, as set out in plaintiffs' petition, by exhibit, plaintiffs entered into a contract with the city of St. Joseph for the exclusive right to collect and dispose of all garbage of the city of St. Joseph; that plaintiffs have complied with all the terms and conditions of said ordinance, and have expended large sums of money and are continuing to expend the same, in preparing for and carrying out said contract; that plaintiffs have refused to remove garbage from certain premises where there has been a refusal to separate same from refuse matter, as provided by section 8 of said ordinance, and after the plaintiffs, pursuant to said ordinance, had notified such persons to separate the same; that plaintiffs have refused to remove garbage from certain premises, where there has been a refusal by householders, tenants and occupants of premises, to pay monthly, in advance, the compensation due plaintiffs, as provided by section 24 of the said ordinance and where said persons had failed and refused to pay such compensation for a period of fifteen days after such monthly payments had become due; and that plaintiffs notified the Board of Health of such default, as required by section 24 of said ordinance, and that plaintiffs at all times have held themselves out as willing, ready and able to remove said garbage from all premises within said city, but that plaintiffs did not personally solicit all householders, tenants or occupants of premises to permit them to remove the same; that defendant has, at all times mentioned herein, removed and disposed of garbage from such premises as plaintiffs had refused to remove and dispose of, by reason of a failure to separate the garbage from the refuse matter, as required by section 8 of said ordinance and also from such premises where plaintiffs had refused to remove and dispose of garbage for nonpayment of compensation as provided by section 24 of said ordinance; that defendant, at all times herein, removed and disposed of garbage from certain premises which plaintiff had never removed, or offered to remove, or requested the owners of said garbage to permit them to remove; that special ordinance No. 8871, was not recommended to the Common Council by either the Board of Public Works or the Park Board of said city before its passage; that it was, otherwise, duly enacted and approved by the Mayor; that sections 1827, 1834, 1837 and 1840 of the Revised Ordinances of the city of St. Joseph, Missouri, for the year 1923, and, which are fully set out in defendant's answer, were in full force and effect at all times herein; and that the contract for the removal of said garbage as provided for in said ordinance 8871, was not submitted to competitive bids.

The petition set out the formal matters embraced within the terms of the agreed stipulation of facts, and alleges that on October 13, 1922, the city of St. Joseph, by special ordinance 8871, granted to one

Frank W. Beach, his successors, associates or assigns, either as individuals or as a body corporate, for a period of ten years from and after the passage of said ordinance, the exclusive right, privilege and franchise, to collect, haul and dispose of all garbage and refuse matter, of every kind and description, accumulating in the streets, alleys and public places of said city, and from all public and private premises therein; that said exclusive right includes the right to collect, haul and dispose of all waste and residue from all food, and food products, both animal and vegetable, collected from public and private dining rooms and kitchens and waste or residue from preparing, dealing in or in storing meats, fruits and vegetables or grain products and all sweepings, spitoon cleanings, papers, feathers, rags, glass, dishes, bottles, crockery, pans, ashes, pasteboard boxes, lye, poison, food containers, oyster and clam shells, and all other waste matter and rubbish not suitable for use as food for animals; that on November 13, 1923, said Frank W. Beach, in writing, duly assigned, sold and conveyed all his rights and privileges as such grantee, under said ordinance, to the St. Joseph Garbage Disposal Company, a corporation; that afterwards said Garbage Disposal Company, a corporation became bankrupt, and all its rights in and to said franchise were, by the bankruptcy court, through the trustee in bankruptcy, sold to the plaintiffs herein; that plaintiffs have complied with all the terms of said ordinance; that no other person, since the passage and approval of said ordinance has any right to collect, haul or dispose of garbage and refuse matter in said city; that, notwithstanding the exclusive right conferred upon the plaintiffs herein, defendant has been, since the passage and approval of said ordinance, and is now, engaged in the collecting, hauling and disposal of the garbage and refuse matter mentioned, in violation of said ordinance and franchise and plaintiffs' rights thereunder.

Plaintiffs further state they have no adequate remedy at law.

The said special ordinance No. 8871 is, by exhibit, made a part of the petition.

Injunction is sought, permanently to restrain defendant, his agents, servants and employees from collecting, hauling and disposing of garbage, or other refuse matter from any households, residences, hotels, restaurants, apartment houses, boarding houses, hospitals, sanitariums, grocery stores, meat markets, and places of business in said city of St. Joseph, Mo., and for such other and further relief as to the court may seem proper.

The answer admits plaintiffs were partners as alleged; that special ordinance No. 8871 referred to in the petition was passed on October 13, 1922; granting Frank W. Beach, his successors and assigns, for a period of ten years, the exclusive right to collect and dispose of all garbage in the city of St. Joseph, as alleged in the petition; that the same was duly assigned by said Beach to the St. Joseph Garbage Dis-

posal Company, and that said Disposal Company became bankrupt, and that said franchise was by the bankruptcy court, through the trustee in bankruptcy, sold to plaintiff herein; admits that plaintiff has complied with all the terms of said ordinance; that defendant has been engaged in hauling and disposing of garbage at all times as alleged in the petition.

As affirmative answer, defendant alleges special ordinance No. 8871 is void: (1) because in conflict with section 7924, Revised Statutes 1919, and the charter of the city of St. Joseph, for the reason that the exclusive control of the streets, alleys, public buildings and properties of the said city are vested in the Board of Public Works; (2) that section 1 of the said ordinance is illegal, null and void, because in conflict with section 7929, Revised Statutes 1919, in that under said section the Board of Public Works shall supervise the cleaning of streets, avenues, alleys and other public places; (3) because said Special Ordinance No. 8871 is void for the reason it is in conflict with section 7937, Revised Statutes 1919, in that said Special Ordinance was not submitted by the Board of Public Works to the Common Council for passage; (4) because section 7811, Revised Statutes 1919, gives the Park Board the exclusive control over the cleaning of said streets, avenues, boulevards and parkways, and also by section 7837, Revised Statutes 1919, the Park Board is given control over the removal of refuse matter situated on any properties under their control, and therefore, the council, in passing said special ordinance, did so in violation of said statute; (5) that the said special ordinance is in conflict with section 7962, Revised Statutes 1919, and of the city Charter which provides that in all city improvements of every kind or character, including the cleaning of streets, the contract therefor must be let to the lowest and best bidder, which was not done in this case; (6) that the said ordinance is void because in conflict with Article 2, section 30, of the Constitution of Missouri, wherein it is provided that no person shall be deprived of life, liberty or property without due process of law, and said ordinance also violates sections 20 and 21 of Article 2 of the Constitution; (7) that paragraph 2 of section 3, entitled "Refuse Matter" is void for the reason that the acts enumerated therein do not constitute nuisances and are not dangerous to the public health; (8) that section 8 is void because it is arbitrary and oppressive in its provisions and is not necessary for the protection of the public welfare of the city of St. Joseph; (9) that section 24 thereof is void for the reason it permits the contractor, plaintiff herein, to refuse to remove garbage and thereby allows the same to accumulate and create a nuisance and become dangerous to public health.

By way of confession and avoidance, the defendant's answer admits he has been removing garbage from public places and residences in said city, because plaintiff has refused to remove same, such re-

fusal being based on the failure of the owners of said garbage to pay plaintiff for such service as provided in section 24 of the ordinance, and because such persons did not comply with section 8, requiring the separation of garbage from other refuse; that the removal of such garbage by defendant was due to the fact that plaintiff never removed the same, and the owners thereof were compelled to employ others than plaintiffs to remove same, under penalty of being subject to arrest and fine or imprisonment, by virtue of section 1824 of the Revised Ordinances of the city of St. Joseph; also sections 1827, 1934, 1937 and 1840. The answer then sets out in full said enumerated sections.

Section 1824 requires the removal of offensive matter, dangerous to the public health, from March to November in each year, within twenty-four hours, and not to exceed forty-eight fours during any other part of the year, and provides a penalty for the violation thereof.

Section 1827 relates to offensive grounds and provides a penalty for a violation of the section by owners or occupants thereof.

Section 1834 requires the removal by owners or occupants of all dirt, sawdust, soot, ashes, cinders, shavings, hair shreds, manure, waste water and all animal or vegetable substances, rubbish, or filth of any kind in a house, warehouse, or other building, cellar, yard, unoccupied street, alleyway or other place where the same shall be found, which shall be removed in twenty-four hours or such other time as the Board shall deem reasonable after notice in writing; and provides a penalty for refusal.

Section 1837 declares a nuisance certain matters, which are or may become injurious to public health, and which may be abated in the manner prescribed by section 1838, such as allowing dead animals, fowls, fish or flesh of any kind to remain on any premises for a longer period than twenty-four hours.

Section 1840 provides a penalty for violation of the provisions of the preceding sections.

It is alleged in the answer that section 16 of the special ordinance No. 8871 is void for the reason that the city thereby surrenders its right to exercise the police power of the city with reference to the regulation and control and the abating of nuisances, and conditions injurious to public health.

Section 16, to which reference is made in the last clause of the answer is as follows: ''The city hereby agrees that it will not repeal or amend during the life of this contract, General Ordinance Number 1678, of the said city, approved on the 3rd day of January, 1917.''

The judgment and decree find (1) the city of St. Joseph to be a municipal corporation, organized under the law as a city of the first class, and as such has power to enter into exclusive contracts for the

removal and disposal of garbage therein; (2) that said city did pass special ordinance No. 8871, providing among other things the giving to plaintiffs the exclusive right to gather and dispose of garbage within the city limits; and thereupon, on the —— day of —— did enter into a contract with the plaintiffs for the carrying out of the terms of said ordinance and contract as set forth in the agreed statement of facts; (3) that since entering into said contract, the plaintiffs have expended large sums of money in preparing for and carrying out said contract and still are doing so, and have been, and still are, engaged in carrying out the terms of said contract in so far as hereinafter mentioned; that on or about the ——. day of ——, 19—, certain persons were the owners of certain property and premises in the city of St. Joseph, using same as private residences and homes for themselves and families; that while using said homes as aforesaid, said persons did accumulate quantities of garbage upon said premises and refused to separate the said garbage from refuse matter, as provided by section 8 of said ordinance, and after plaintiffs, pursuant to said ordinance, had notified such persons to separate the same, and that plaintiffs, because of said refusal, refused to remove the same from the premises aforesaid, and that thereupon the said owners did employ the defendant herein to remove the same, and defendant did remove the same; that the owners of said properties refused to pay the price or compensation for a period of fifteen days after such monthly payment became due, as provided by section 24 of said ordinance, and after plaintiffs had notified the Board of Health of such default, as required, and that thereupon, because of such refusal, plaintiffs refused to remove said garbage, and because of such refusal, the owners caused such garbage to be removed by the defendant; that while plaintiffs at all times held themselves out as willing, ready and able to remove the garbage, they had not solicited either the householders, owner or owners specified, or tenants or occupants of said premises, to permit the plaintiffs to remove the same, and in such cases plaintiffs have not removed the same, nor asked such privilege; and that the owners of said premises, and the tenants and occupants of the same, because of the neglect of said plaintiffs to remove the garbage from said premises, did employ defendant to remove and dispose of the same, which defendant did remove and dispose of; that the court further found from the evidence and under the ordinance and contract that it was the duty of plaintiff, first to remove all the garbage from all the premises of all owners mentioned, that plaintiffs, under said ordinance and contract, had no right to refuse to haul and dispose of garbage on premises of any of the owners aforesaid, either by reason of the failure of said owners to separate the garbage from the refuse matter, or by reason of the failure of the owners or occupants of said premises to

pay for such removal or disposal of same in advance, in accordance with the terms of the ordinance, or to neglect or offer to remove and dispose of said garbage from any of said premises without being notified or requested to do so by the owners thereof.

The court further found that said ordinance, in so far as it gave the exclusive right to plaintiffs to remove and dispose of said garbage, is a valid and binding exercise of the police power of the city, and is binding upon the city to that extent; that said ordinance in so far as it provides for the safeguarding and protection of the health of the citizens is valid and binding on both parties; but the court further finds that any part of said ordinance or contract that permits plaintiffs to refuse to remove garbage and permit it to remain upon said premises and rot thereon and become dangerous to the health of the citizens of said city, is void and of no binding effect, for the reason that it is inconsistent and contrary to the purposes of the contract, and the purpose of it would thereby be defeated; and the court further found that in any of the cases aforesaid wherein, for the reasons aforesaid, the plaintiffs herein have refused and failed to remove the garbage from any of the premises aforesaid, that said owners of said property had the legal right to contract with defendant for the removal and disposal of the same.

The court further found that in all cases where plaintiffs have not refused to haul or dispose of the garbage from any of the premises in the said city, the said plaintiffs have the sole and exclusive right to remove same and the property owners have no right to contract for the removal and disposal thereof, nor have any other persons, except plaintiffs, the right to remove and dispose of same. The decree proceeds:

"Wherefore, the court, finding that the defendant was engaged in removing garbage from premises where, under the findings heretofore stated, the plaintiffs had refused, or failed, to remove or dispose of same, it was the duty of the owner of the premises to have same moved, and the court does find that the owners of the premises aforesaid had the legal right to contract with the defendant herein for the removal and disposal of same from said premises and, under such circumstances the plaintiffs are not entitled to the relief herein sought and the application for restraining order is refused."

A timely motion for a new trial was by the court overruled, and plaintiffs have appealed.

It is charged the court erred in refusing the requested injunction. This is, of course, a general charge of error and is based upon the whole case. Plaintiffs, however, in specific assignments, charge:

(1) The court committed error in finding that defendant had the right to remove garbage for all persons which plaintiffs had refused to remove because they did not comply with sections 5, 8, 10, 19,

20, 23 and 24 of special ordinance No. 8871; and (2) in finding that defendant had the right to remove garbage for all persons in cases where plaintiffs had not offered to remove, or requested the owners of said garbage to permit them to remove the same.

The last two specific assignments are necessarily embraced in the first, and they may be jointly considered and determined by us.

It is first urged that injunction will lie to restrain persons, other than the contractor, from removing and disposing of garbage. Defendant has not favored us with a brief, and hence, we have no way of determining whether defendant denies this plain proposition of law. However, this point was determined in favor of plaintiffs' contention in a well-reasoned opinion in Hog Ranch v. Plagmann, 282 Mo. 1, 220 S. W. 1. That injunction is the proper remedy, there is no doubt.

It may also be held as the established law that the city had the power to require that owners of garbage be compelled to separate the garbage from refuse matter, and deposit same in cans at stated times and places, for removal. [Hog Ranch v. Plagmann, supra; 28 Cyc. 717 (c); 19 R. C. L. 972.] This the city did in the provisions of sections 5, 8 and 10 of the special ordinance.

It is also the law, as insisted by plaintiffs, that the owners of premises where garbage is collected should pay for its removal. [15 A. L. R. 292 (note); 27 A. L. R. 972; Hog Ranch v. Plagmann, supra; Reduction Co. v. Reduction Co., 199 U. S. 306, 50 U. S. (L. Ed.), 204.]

It is also insisted that the power to regulate includes the power to make such regulation effective.

The provisions of sections 8, 19, 20 and 24, were directed to this end, in that they provided a penalty of arrest and punishment for a violation of their provisions. These provisions are salutary and proper.

It must be remembered that it is the city's right, under the police power granted it by statute, to provide for the public health, and to this end, its right to grant an exclusive franchise may not be questioned. The weakness of plaintiffs' position is that they assume a right under their franchise, to penalize the property owners for infractions of the provisions of the ordinance, providing an orderly and legal method of punishment, by taking into their own hands and executing a method of punishment, by refusing or neglecting to remove the garbage because not separated, and because the nominated fee for such removal was not paid in advance. Such a situation would defeat the very purpose for which the said special ordinance was enacted, to-wit; the conservation of public health.

And so, we hold that the chancellor was not in error in finding that defendant had the right to remove and dispose of the garbage

for all persons, from whose premises plaintiffs had refused to remove the same; that the chancellor was not in error in finding that defendant had the right to remove and dispose of garbage for all persons whose garbage plaintiffs had not offered to remove or requested the owners to permit the removal thereof by plaintiffs.

The chancellor's holding that the ordinance in question, in so far as it gave the exclusive right to plaintiffs to remove and dispose of said garbage was valid and binding, in so far as it provided for the safeguarding and protection of the citizens, was not error.

Nor was the chancellor in error in finding that part of the ordinance permitting plaintiffs to refuse to remove garbage, and to permit it to remain upon said premises and rot thereon and become dangerous to the health of the citizens, to be void for the reason it is inconsistent and contrary to the purposes which form the bases of its enactment.

It is true that section 24 of the ordinance provides that plaintiffs may not be required to remove garbage where the owner has neglected to comply with the requirements to separate the garbage from the refuse matter, and has failed to pay the stipulated fee; but the ordinance provides an orderly proceeding and penalty for such refusal, which does not, in the instant case, seem to have been followed. In order to avoid such penalty, owners seem to have adopted the method of employing the defendant to remove the garbage.

We, therefore, hold there was no error in the finding of the chancellor, and the judgment should be affirmd. It is so ordered. *Bland, J.,* concurs; *Trimble, P. J.,* absent.