531 P.2d 1213

**T. E. MEARS, d/b/a Mears & Mears,
Appellant,**

v.

**BUREAU OF REVENUE, Appellee.**

**No. 1426.**

Court of Appeals of New Mexico.

Jan. 8, 1975.

Rehearing Denied Jan. 30, 1975.

T. E. Mears, Portales, for appellant.

David L. Norvell, Atty. Gen., Santa Fe, Keith A. Maxwell, Linda E. Wingfield, Bureau of Revenue Asst. Attys. Gen., for appellee.

## OPINION

SUTIN, Judge.

This is an administrative appeal by taxpayer Mears from a Decision and Order of the Commissioner of Revenue. The Commissioner included in gross receipts monies received by taxpayer as attorney for his father's estate, fees paid to taxpayer's wife as administratrix and certain director's fees.

Mears claims two points of error, (1) the inclusion of money received by Mears solely from inheritance, and (2) the inclusion of fees paid to Mears as a director in two corporations.

(1) *The money received was a gross receipt.*

Mears was the sole and only heir of his father, T. E. Mears, Sr., deceased. The entire estate descended to Mears. In order to gain some advantage in federal estate taxes, Mears' accountant advised Mears to show a part of such inheritance as an attorney's fee, the situation being such that the percentage of tax on income was less than the percentage of tax on inheritance. Mears' federal income tax return also showed such attorney's fee as income from the estate of his father. He claims this was a book transaction because "It didn't represent one dime of payment for services . . . but it was simply an effort to try to save a little money on the federal estate tax return." We disagree.

Under the Gross Receipts Tax Act:

"service" means all activities engaged in for other persons for a consideration, which activities involve primarily the performance of a service as distinguished from selling property. (Section 72–16A–3(K), N.M.S.A.1953 (Repl. Vol. 10, pt. 2, 1973 Supp.))

"person" means: (1) Any individual, estate, . . . (Section 72–16A–3(H) (1))

An attorney who receives fees for services performed for an estate is subject to the gross receipts tax under § 72–16A–4. Mears' Exhibit No. 12, which is an account of "Income From Business Or Profession", includes, "attorney fees, Estate of T. E. Mears, Sr. $4,440.37". Mears' testimony that no part of such fees represented compensation for services rendered creates a conflict between his testimony and his exhibit.

Where a conflict exists, the Commissioner may weigh such testimony, determine the credibility of Mears and say where the truth lies. Tapia v. Panhandle Steel Erectors Company, 78 N.M. 86, 428 P.2d 625 (1967). His finding is conclusive. Rust Tractor Co. v. Bureau of Revenue, 82 N.M. 82, 475 P.2d 779 (Ct.App. 1970).

Furthermore, the Commissioner's assessment was presumptively correct. The burden was on Mears to overcome this presumption. Archuleta v. O'Cheskey, 84 N.M. 428, 504 P.2d 638 (Ct.App.1972).

Where an attorney gains an advantage by charging attorney's fees in the federal estate tax return, and then seeks to avoid payment thereof in his gross receipts tax, his conflicting evidence does not overcome the presumption. See, Co-Con, Inc. v. Bureau of Revenue, (Ct.App.), 529 P.2d 1239 decided November 13, 1974.

(2) *Director's fees are gross receipts.*

Mears was a director in two New Mexico corporations for which services he received fees. He contends, (1) that no effective regulation existed concerning gross receipts taxes on director's fees, and (2) that an unconstitutional application of the gross receipts tax occurred because thirteen other directors of the same class as Mears had not paid gross receipts tax and no action was pending to

collect the tax. We find no merit in these contentions.

Mears was performing a service for a corporation and his fees therefrom are taxable as gross receipts. His constitutional argument does not show intentional or purposeful discrimination. Barber's Supermarkets, Inc. v. City of Grants, 80 N.M. 533, 485 P.2d 785 (1969). It therefore fails.

(3) *Mrs. Mears' administratrix fee not properly included in assessment.*

■ The Commissioner concedes the nontaxability of the administratrix fee of Mrs. Mears which was improperly included in Mears' assessment. Tax, penalty and interest in Mears' assessment is abated.

The Decision and Order of the Commissioner is remanded for modification in conformity with this opinion.

It is so ordered.

HERNANDEZ, J., concurs.

HENDLEY, J., specially concurs.

HENDLEY, Judge (specially concurring).

I concur in the opinion of the Court. However I do not feel that it says all that needs to be said.

With regard to the tax on director's fees, it should be pointed out that taxpayer did not contend at his hearing that § 72–16A–12.16, N.M.S.A.1953 (Repl. Vol. 10, pt. 2, 1961, Supp.1973), which exempts receipts for the occasional sale of services by one not regularly engaged in the business of selling same, applies to his case. As such, that issue was not before this court, § 72–13–39, N.M.S.A.1953 (Repl. Vol. 10, pt. 2, 1961, Supp.1973). Thus, the majority opinion is limited and should not be construed as deciding the issue pursuant to § 72–16A–12.16, supra.

With regard to the tax on the "inheritance", Mears contended that it was error not only to tax the attorney's fees and administratrix' fees but that it was error also to include them in the computation of percentage of error for the purpose of assessing a tax for years during which taxpayer was unable to produce records. The audit covered the period from 1966 through the first four months of 1972. Records were only produced for the years 1968 through 1971. The fees in question, (not director's fees) amounting to almost $9,000.00, were earned during the year 1968. The Bureau, in computing percentage of error, apparently totaled taxpayer's reported receipts for the years 1968 through 1971, totaled taxpayer's unreported receipts for the same years and divided the latter by the former to arrive at a percentage of error of 60% to apply to the years 1966, 1967 and the first four months of 1972.

As I do not view this error to be a legal issue, but rather more in the nature of an accounting error, I point out that it is not accurate or fair to use any of the $9,000.00 in fees from the late Mears' estate in computing percentage of error. These fees were solely earned in 1968 and thus have no application to the years 1966, 1967 or the first four months of 1972. More exactly, the administratrix fees were to taxpayer's wife and not taxpayer.