Richard A. CAMPBELL,
Plaintiff-Respondent,

v.

CITY OF FRONTENAC et al.,
Defendants-Appellants.

No. 36065.

Missouri Court of Appeals,
St. Louis District,
Division One.

Sept. 2, 1975.

George E. Helfers, Klamen, Summers & Compton, Ronald N. Compton, Clayton, for defendants-appellants.

Shaw & Howlett, Joseph Howlett, Clayton, for plaintiff-respondent.

RENDLEN, Judge.

The City of Frontenac, defendant below, appeals from an order enjoining enforcement of its ordinance relating to parking garbage trucks within the City and from prosecuting violations of that ordinance. The defendant City also appeals from denial of its counterclaim seeking an injunction to prevent garbage and refuse trucks from parking on plaintiff's property within the City. We affirm.

Under the provisions of § 71.680 RSMo 1969[1] cities of the fourth class

"   .   .   .   may provide for the gathering, handling and disposition of garbage   .   .   .   accumulating in such cities   .   .   .   and may do such other and further acts as are deemed expedient for the protection and preservation of the public health, as the public health may be affected by the accumulation of   .   .   .   garbage   .   .   ."

Similarly cities of the fourth class are authorized by § 79.370 RSMo 1969

"   .   .   .   to regulate or prevent the carrying on of any business which may be dangerous or detrimental to the public health   .   .   .   and to pass ordinances for the prevention of nuisances and their abatement."

Acting under this statutory authority, defendant, a city of the fourth class, on July 11, 1972, adopted an amendment to its general garbage Ordinance No. 407 by adding new Subsection 7 to Section 7 as follows:

"*Equipment* of the City Refuse Collector, or any other licensed or unlicensed garbage and rubbish collector *shall not be parked, or stored in any manner on public or private property in the City of Frontenac*, Missouri Violations of the provisions shall be subject to penalties as provided in Ordinance 454 of the City of Frontenac, Missouri, covering Nuisances." (emphasis added)[2]

During January, 1973, defendant ordered summons issued to customers of plaintiff who regularly parked five garbage trucks overnight at his place of business. Defendant advised plaintiff of its intention to issue summons for all subsequent violations and though not clear from the transcript, plaintiff in his brief states the City caused arrest notices to be served upon him for violations of the ordinance. Thereupon plaintiff brought this action for injunctive relief to prevent issuance of summons and to restrain enforcement of the ordinance; in response defendant by counterclaim sought to enjoin further ordinance violations. As the only witness called, plaintiff testified that for the 17 years he had allowed his customers, without charge, to park their garbage trucks on his Service Station premises within the City and that he derived gross monthly income of approximately $1,500 from sales of goods and services to the operators of those trucks.

Enjoining the City and denying the counterclaim, the court ruled: "That the ordinance   .   .   .   in its application to Plaintiff is illegal and without authority and that said ordinance in its application to Plaintiff is oppressive to Plaintiff's business   .   .   ."

Our review in this court-tried case is upon both the law and the evidence as in suits of an equitable nature, with due regard for the trial court's opportunity to have judged the credibility of witnesses. Rule 73.01(3)(a), V.A.M.R. *Long v. Kyte,* 340 S.W.2d 623, 628[5] (Mo.1960). "In such cases it is our duty to review the case de

---

1. The Missouri Constitution, 1945, as amended 1972, Article IV, § 37, provides in pertinent part: "The health and general welfare of the people are matters of primary public concern   .   .   .   the general assembly may grant power with respect thereto to counties, cities or other political subdivisions of the state."

2. Ordinance No. 454, adopted April 11, 1972, defines certain public nuisances and provides that the maintenance of such nuisance shall be a misdemeanor, punishable as such and subject to abatement by appropriate suit.

novo, and in doing so weigh the competent evidence and reach our own conclusions and enter such judgment as the trial court should have entered . . . " *Dunning v. Alfred H. Mayer, Co.,* 483 S.W.2d 423, 427[1] (Mo.App.1972). Though no findings of fact or conclusions of law were requested or made by the trial court, it will be assumed that all fact issues were found in accordance with the judgment entered and the judgment will be affirmed if it is correct under any theory supported by the evidence. *Lossing v. Shull,* 351 Mo. 342, 173 S.W.2d 1, 5[1] (1943); *Pittman v. Great American Life Insurance Co.,* 512 S.W.2d 857, 858[1] (Mo.App.1975). Defendant contends the ordinance was properly enacted as a lawful exercise of the City's police power to protect the health of its citizens and enforceable notwithstanding plaintiff's claim to a prior nonconforming use.

■ We entertain no doubt that a city of the fourth class has the power to reasonably regulate the collection, removal and disposition of garbage accumulating within its limits, either under the police power inherent in sovereignty or under the power conferred by the Missouri Constitution and applicable Statutes. *Valley Spring Hog Ranch Co. v. Plagmann,* 282 Mo. 1, 220 S.W. 1, 3[2] (1920); *Harper v. Richardson,* 222 Mo.App. 331, 297 S.W. 141, 145[5] (1927). See also 62 C.J.S. Municipal Corporations § 265 at 617; 7 McQuillen Municipal Corporations (rev.ed. 1968) § 24.245 at 86; 83 A.L.R.2d 801–802. However, the case turns on whether the questioned ordinance is a valid exercise of that regulatory power. We hold it is not. "[A] law which purports to be an exercise of the police power must not be unreasonable, unduly oppressive or patently beyond the necessities of the case, and the means which it employs must have a real and substantial relation to the objects sought to be attained. Under the guise of protecting the public interest the legislature may not arbitrarily interfere with private business or impose unusual and unnecessary restrictions upon lawful occupations." *Lutz v. Armour,* 395 Pa. 576, 151

A.2d 108, 110[3] (1959), quoting *Gambone v. Commonwealth,* 375 Pa. 547, 101 A.2d 634, 636 (1954). See *Valley Spring Hog Ranch Co. v. Plagmann,* 220 S.W. at 6[11], and *City of St. Louis v. Evraiff,* 301 Mo. 231, 256 S.W. 489, 495[2] (en banc 1923); *Boulevard Apts., Inc. v. Mayor and Council of Borough of Lodi,* 110 N.J.Super. 406, 265 A.2d 838, 840[2] (1970); and *Wiggins v. Town of Somers,* 4 N.Y.2d 215, 173 N.Y.S.2d 579, 149 N.E.2d 869, 871[4] (1958); 62 C.J.S. Municipal Corporations § 265 at 618–619; 7 McQuillen § 24.245 at 87. It appears to be generally held that whatever measure is taken by a municipality to secure the removal of garbage and rubbish, it must bear a reasonable relation to the power of protecting the public health and must not discriminate arbitrarily and capriciously in favor of one group to the detriment of another. 83 A.L.R.2d 802. Though not unmindful of municipal problems involving collection and transportation of garbage, unless some real relationship is shown between the intended regulation and public health, we cannot recognize the questioned ordinance as proper legislative action. Though it has been said that "garbage" is a nuisance *per se,* appellant cites no authority, nor have we found that "equipment of the city refuse collector" constitutes a nuisance *per se.* Further, there is no evidence that these garbage trucks were a nuisance in fact or interfered with the health and safety of the community. Section 79.370 RSMo 1969, V.A.M.S., gives the City power to enact ordinances for the abatement of nuisances, but the City has no power to declare that to be a nuisance which is not so at common law or by statute, *Olympic Drive-In Theatre, Inc. v. City of Pagedale,* 441 S.W.2d 5, 9[3] (Mo.1969); *Sturgeon v. Wabash Ry. Co.,* 223 Mo.App. 633, 17 S.W.2d 616, 618[1–2] (1929), or which is not in fact a nuisance. *Olympic Drive-In Theatre, Inc. v. City of Pagedale, supra; Potashnick Truck Service v. City of Sikeston,* 351 Mo. 505, 173 S.W.2d 96, 100[4] (1943).

■ The challenged ordinance's absolute prohibition against parking or storing gar-

bage (or rubbish) collection equipment in any manner on public or private property in the City of Frontenac is excessive in its scope and breadth. It does not regulate or relate to the sanitary condition of the equipment or the manner in which they are cleaned or maintained. No attempt is made to distinguish between trucks which are clean or dirty, watertight or leaking, malodorous or otherwise. Could it be seriously argued that a new garbage truck, fresh from the factory assembly line parked on plaintiff's premises, presents a threat to public health? To suggest a substantial relationship between a thoroughly clean and sanitized garbage truck and the public health of the community is spurious. The ordinance as written would prevent storage of a supply of new and unused garbage cans, or other "equipment" of any garbage collector at any place, be it public or private whether a storehouse or garage, if it lies within the City limits. Large collection containers commonly employed in modern garbage service and left for regular exchange at apartment buildings or commercial customers would be eliminated if owned by the collector but permitted if owned by the customer. The vagueness and lack of specificity clearly demonstrates that the questioned subsection of the ordinance is only incidently related, if at all, to public health and welfare.

The absolute geographic exclusion would eliminate garbage or refuse collection equipment of any kind from the City except when in operation; it would permit garbage collectors to work within the City limit but require removal of all equipment on completion of their rounds. The burden of maintaining a place to locate the equipment is shifted to neighboring municipalities or unincorporated areas, assuming they would be amenable to such arrangements.

We find that the ordinance imposes restrictions upon the use of property that have no reasonable relation to the health, safety or welfare of the inhabitants of the City. That the ordinance as enacted is not properly within the powers delegated or inherent to the City but is instead excessive thus invalid and unenforceable. The judgment of the trial court is correct in that it restrains enforcement as to plaintiff; however, the ordinance is invalid, thus unenforceable for any purpose.

The Judgment, as modified hereby, is Affirmed.

WEIER, P. J., and DOWD, J., concur.