Mrs. Carolyn Ashford, Director Department of Natural Resources 1014 Madison Street Jefferson City, Missouri 65101
Dear Mrs. Ashford:
This is in response to your recent opinion request, wherein you asked:
 "Pursuant to Section 260.215, RSMo Supp. 1975, does a city or county have the authority to require, by ordinance or county court order, that all solid waste, or certain categories thereof, generated within the jurisdiction of the city or county be disposed of at approved resource recovery (recycling) facilities, rather than being buried at landfills?"
The starting point of the inquiry is the statute itself. Section 260.215.1, relating to the regulation of solid waste, states in relevant part:
 "Except as otherwise provided in subsection 4, each city and each county . . . shall provide . . . for the collection and disposal of solid wastes within its boundaries; . . ."
Section 260.215.2 provides that:
 "Any city or county may adopt ordinances, rules, regulations or standards for the storage, collection, transportation, processing or disposal of solid wastes. . . ."
Section 260.215.4 essentially provides that the powers conferred upon cities and counties by Section 260.215 shall not be available to any unincorporated area in a second, third or fourth class county, or in a first class county having a population of more than one hundred fifty thousand and not having a charter form of government, nor to incorporated cities having a population of five hundred or less in such counties. However, the governing body of an exempted city, village or county may elect, after notice and public hearing, to avail itself of the powers conferred by Section 260.215. Thus, it appears that the powers conferred upon local governments by the statute are available to all cities and counties.
The regulation of the collection of garbage and refuse is a governmental function falling within the police powers of the state or municipality. 7 McQuillin, Municipal Corporations, § 24.242, p. 81 (3d Rev. Ed. 1968); Craig v. City of Macon,543 S.W.2d 772 (Mo. Banc 1976). The legislature, by Section 260.215, has given cities and counties wide latitude in dealing with the health hazards, nuisances and environmental pollution "that necessarily accompany the accumulation and unmanaged disposal of garbage, refuse and filth." Craig v. City of Macon, supra,
at 777. It is clear that cities and counties in Missouri, as a function of the police powers delegated to them, can control not only the collection of solid wastes, but also the processing and disposal thereof. Section 260.215.2; see also, McQuillin,supra, § 24.253. From the scope of the language found in Section260.215, it appears that the legislature intended to give cities and counties the maximum permissible authority over the management of solid wastes. The only question is whether the police power may be extended to the requirement that wastes be disposed of at resource recovery facilities rather than at landfills.
The limiting factor in police power regulation, once the city or county is authorized to act on the subject matter, is whether the regulatory measure is reasonable. Bellerive InvestmentCo. v. Kansas City, 13 S.W.2d 628 (Mo. 1929); Flower ValleyShopping Center v. St. Louis County, 528 S.W.2d 749 (Mo. Banc 1975). The Missouri courts have held that a city may validly restrict collection of garbage and refuse within the city to a single scavenger or waste hauler. Valley Spring HogRanch v. Plagmann, 220 S.W. 1 (Mo. Banc 1920); Harper v.Richardson, 297 S.W. 141 (K.C.Ct.App. 1927). It is also reasonable for a city to require all householders to pay a service charge for collection of solid wastes, whether or not an individual householder desires or uses the collection service. Craig v. City of Macon, supra.
While no case from a Missouri court or any other jurisdiction has directly addressed the issue at hand, it is clear from the cases cited above that the Missouri courts have given local governments wide latitude in dealing with threats to public health and welfare. As stated in Craig v. City ofMacon, supra, at 775:
 "`When a city is given the power to do a certain thing it is necessarily left with large discretion as to the method to be adopted and the manner in which it is to be done.' Wilhoit v. City of Springfield, 237 Mo.App. 775, 171 S.W.2d 95, 98 (1943), . . ."
Moreover, a presumption of reasonableness attaches to police power ordinances. Craig v. City of Macon, supra.
We are aware of the argument that recycling of solid wastes results in fewer health hazards and pollution problems than does disposal of the same types of wastes in landfills. Some would also argue that public welfare is better served by burning solid wastes for generation of electricity, thus conserving scarce natural resources. We believe that these considerations, if true, could legitimately be taken into account by the governing body of a city or county in making a legislative choice as to the most desirable method of disposing of solid waste.
The police power is not rigid and inflexible. It must of necessity be somewhat elastic in order to meet changing conditions in our complex society. Graff v. Priest, 201 S.W.2d 945
(Mo. 1947), cert. denied, 332 U.S. 770. Whether a city or county desires to require recycling of some or all solid wastes generated within its jurisdiction is a legislative choice. However, in light of the recognized health hazards presented by garbage and refuse, and the latitude given to local governments in dealing with such problems, Craig v.City of Macon, supra, we cannot say that such a choice would be unreasonable, or that the mandatory recycling of solid waste is not rationally related to the protection of public health and welfare. We believe that the police power is sufficiently broad to contemplate new methods of handling and disposing of the wastes generated daily in our industrialized society.
We make no attempt in this opinion letter to determine whether a city or county can require that solid wastes be disposed of at a particular resource recovery facility, to the exclusion of other approved facilities of a similar nature. The question is beyond the scope of the request. Moreover, resolution of the question would involve an analysis of the specific facts of the case, which facts are not before us.
It is our view that a city or county may, pursuant to the police powers granted to it by Section 260.215, RSMo Supp. 1975, require that all solid wastes, or certain categories thereof, generated within the jurisdiction of the city or county be disposed of at approved solid waste recovery facilities, rather than be buried at landfills.
Yours very truly,
 JOHN ASHCROFT Attorney General